Ishmael **RAHEEM** and Medina Raheem A/K/A Lorraine Nesbitt, H/W, Appellees,

v.

**The UNIVERSITY OF THE ARTS, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 12, 2005.
Filed April 13, 2005.

John J. Hare, Philadelphia, for appellant.

Philip M. Gilligan, Media, for appellee.

BEFORE: LALLY–GREEN, BOWES, and KELLY, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellant, The University of the Arts, appeals from the order denying Appellant's Motion for Allowance to file an Appeal *Nunc Pro Tunc*. We affirm.

¶ 2 The trial judge retired after trial and failed to file an opinion. The factual and procedural history, as taken from the statement of the case in the brief of Appellant, is as follows. On June 25, 2000,

Appellees, Ishmael and Medina Raheem, husband and wife, were attending a show at Merriam Theater in Philadelphia. The theater was operated by Appellant. During the show, some plaster from the ceiling of the theater fell and struck Appellees, the Raheems.

¶ 3 On June 4, 2002, Appellees filed a complaint. The case proceeded to a jury trial. On September 25, 2003, a jury returned a verdict against Appellant and in favor of Appellees in the amount of $500,000.00. On September 29, 2003, Appellant filed post-trial motions.

¶ 4 On October 10, 2003, before final judgment on the verdict had been entered, prior defense counsel filed a notice of appeal to this Court. On October 31, 2003, the trial court entered an advisory opinion recommending that the appeal be quashed because the court had not yet ruled on the post-trial motions. In an order dated November 26, 2003, this Court quashed the appeal because it was premature. On February 19, 2004, judgment was entered in the amount of $506,643.53.

¶ 5 On February 27, 2004, Appellant filed a motion to strike the judgment. In an order dated March 26, 2004, the trial court dismissed Appellant's Motion to Strike the Judgment. On April 12, 2004, Appellant filed a motion to appeal the judgment *nunc pro tunc*. By order dated May 14, 2004, and entered on May 21, 2004, the trial court denied the motion. Trial Court Order, 5/14/04. This appeal followed.[1]

¶ 6 Appellant raises one issue on appeal: Whether the trial court abused its discretion in refusing to permit the University

sity to appeal *nunc pro tunc* where the procedural misstep by prior defense counsel—appealing too early—does not warrant the total loss of the University's appellate rights?

Appellant's Brief at 4.

¶ 7 Our standard of review concerning a trial court's ruling on a motion to allow an appeal *nunc pro tunc* is as follows:

> The standard of review applicable to the denial of an appeal *nunc pro tunc* is "whether the trial court abused its discretion." An abuse of discretion is not merely an error of judgment but is found where the law is "overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record."

*Lenhart v. Cigna Cos.,; Appeal of: Life Ins. Co. of North America*, 824 A.2d 1193, 1195 (Pa.Super.2003), *citing, Freeman v. Bonner*, 761 A.2d 1193, 1194–1195 (Pa.Super.2000) (citations omitted). The circumstances occasioning the failure to file an appeal must not stem from counsel's negligence or from a failure to anticipate foreseeable circumstances. *Criss v. Wise*, 566 Pa. 437, 781 A.2d 1156 (2001).

¶ 8 In civil cases, a trial court may grant an appeal *nunc pro tunc* only under two circumstances. *See, Freeman*, 761 A.2d at 1195. First, a trial court may grant an appeal *nunc pro tunc* where there was fraud or a breakdown in the court's operations. *Id.* Second, a trial court may grant an appeal *nunc pro tunc* on the grounds of non-negligent happenstance. *Id.*[2]

---

**1.** Appellant preserved this issue in a timely filed Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b).

**2.** Appeals to this Court are usually permitted only after entry of a final judgment. *Stahl Oil*

*Co. v. Helsel*, 860 A.2d 508, 511 (Pa.Super.2004).

> Generally, an appeal will only be permitted from a final order unless otherwise permitted by statute or rule of court .... An appeal to this Court can only lie from judgments entered subsequent to the trial

¶ 9 Here, Appellant focuses on the second circumstance, and argues that the trial court abused its discretion by refusing to grant an appeal *nunc pro tunc* on grounds of non-negligent happenstance. Appellant's Brief at 8. This Court has permitted appeals *nunc pro tunc* based on the non-negligent happenstance exception when the notice of appeal has been filed too late. *See, e.g., Amicone v. Rok,* 839 A.2d 1109, 1113–1114 (Pa.Super.2003). Appellant asks us to expand the non-negligent happenstance exception for appeals *nunc pro tunc* when appeals were filed too early, *i.e.,* before entry of a final order, and were, therefore, quashed.

¶ 10 This Court has recognized three requirements for appeals *nunc pro tunc* on the grounds of non-negligent happenstance:

1. the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel;

2. the appellant filed the notice of appeal shortly after the expiration date; and

3. the appellee was not prejudiced by the delay.

*Amicone,* 839 A.2d at 1113–1114. The non-negligent happenstance exception is meant to apply "only in unique and compelling cases in which the appellant has clearly established that she attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so." *Criss,* 781 A.2d at 1160. Counsel's negligence in failure to file an appeal does not warrant *nunc pro tunc* relief. *Id.*

¶ 11 Here, our review of the record reflects the following procedural history of events. On September 25, 2003, a jury returned a verdict in favor of Appellees. Appellant filed post-trial motions on September 29, 2003. On October 10, 2003, Appellant filed a notice of appeal to this Court. On October 31, 2003, the trial court recommended quashal of the appeal and, on November 26, 2003, this Court quashed the appeal on the basis that the verdict had not yet been reduced to a final judgment.

¶ 12 On February 19, 2004, final judgment was entered. Instead of filing an appeal, on February 27, 2004, Appellant

---

court's disposition of post-verdict motions, not from the order denying post-trial motions.
*Id.*

Despite this generalization, this Court has, on occasion, granted jurisdiction over appeals despite the fact that judgment had not yet been entered, when the appeal had been filed, but was entered thereafter before the appellate court addressed the matter. In such cases, in the interest of judicial economy, "our appellate courts may regard as done that which ought to have been done." *Stahl Oil Co.,* 860 A.2d at 511–512; *Johnston the Florist, Inc. v. TEDCO Construction,* 441 Pa.Super. 281, 657 A.2d 511, 514–515 (1995). In these cases, judicial resources are economized by granting jurisdiction over an appeal if the order from which the appeal was taken "was clearly intended to be a final pronouncement on the matters discussed in the opinion." *Fanning v. Davne,* 795 A.2d 388, 392 (Pa.Super.2002). In such cases, if the only reason this Court were to quash an appeal was because final judgment had not yet been entered, the parties would inevitably praecipe the prothonotary to enter final judgment and the perfected appeal would follow. In the process, this Court would have wasted its resources quashing the appeal. *See, e.g., Marsh v. Hanley,* 856 A.2d 138, 139 (Pa.Super.2004) (permitting appeal before entry of judgment because error in docketing praecipe to enter judgment was the fault of the trial court prothonotary); *Somerset Community Hospital v. Allan B. Mitchell & Assoc.,* 454 Pa.Super. 188, 685 A.2d 141, 144 (1996) (holding appeal from order denying post-trial motions was proper since prothonotary entered judgment prior to appellate disposition). The exception, though, does not apply here.

then filed a motion to strike the judgment. On March 26, 2004, the trial court denied the motion to strike. On April 12, 2004, Appellant filed a motion to appeal *nunc pro tunc*. The trial court denied this motion on May 14, 2004. In summary, as of February 19, 2004, the judgment was final and appealable and no viable appeal existed because Appellant's premature appeal had been quashed.

▮ ¶ 13 Appellant fails to explain how these procedural facts render the "non-negligent happenstance" exception applicable to Appellant's case. Here, Appellant's counsel's failure to comply with the applicable appellate rules for filing a timely notice of appeal has not been explained in the context of this exception. *See, e.g.,* Pa.R.A.P. 301; 902; 903. Moreover, no reason of record exists for failing to file an appeal after entry of the judgment on February 19, 2004. Rather, our review of the record reflects that: 1) Appellant did not file a late notice of appeal as a result of non-negligent circumstances, either as they relate to Appellant or Appellant's counsel; and 2) Appellant failed to file the notice of appeal shortly after the expiration date. Appellant fails to demonstrate the requirements for a "non-negligent happenstance" exception. Therefore, the exception does not apply herein. *Amicone.*

¶ 14 Appellant also cites Pennsylvania Rule of Appellate Procedure 905(a) in support of its position that the procedural mistake of appealing too early should not result in the loss of a party's appellate rights. Rule 905(a) provides, in pertinent part:

**Rule 905. Filing of Notice of Appeal**
**(a) Filing with clerk.** Two copies of the notice of appeal, the order for transcript, if any, and the proof of service required by Rule 906 (service of notice of appeal), shall be filed with the clerk of the trial court... **A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.**

Pa.R.A.P. 905(a) (emphasis added).

▮ ¶ 15 Rule 905(a) applies in situations where an appeal is prematurely filed from an interlocutory order and the appeal is subsequently perfected when a final, appealable order is entered. *See, K.H. v. J.R.,* 573 Pa. 481, 826 A.2d 863, 871–872 (2003) (interlocutory appeal from denial of post-trial motions was no longer interlocutory after the trial court's subsequent entry of judgment in the case pursuant to Pa.R.A.P. 905(a)); *Jones v. Rivera,* 2005 PA Super 17, ¶ 1, n. 1, 866 A.2d 1148, 1149, 2005 Pa.Super. LEXIS 30 (2005) (where Appellant filed his notice of appeal from order denying his post trial motions, an order which is generally interlocutory and not appealable unless reduced to judgment, court considered the appeal pursuant to Pa.R.A.P. 905(a) where judgment was subsequently entered one month later); *Caruso v. Medical Professional Liability Catastrophe Loss Fund,* 858 A.2d 620, 623 n. 5 (Pa.Super.2004) (appellants' premature appeal from denial of motion to mold verdict was deemed timely filed on the date judgment was entered pursuant to Pa.R.A.P. 905(a)). Rule 905(a), thus, presupposes an appeal that is taken after the entry of a nonappealable interlocutory order, such as an order denying post-trial motions.

¶ 16 Here, the judgment entered on February 19, 2004 was a final appealable order.[3] No prior appeal was pending then

---

**3.** Moreover, to the extent that Appellant asserts that the September 25, 2003 verdict was an order or determination to be appealed from, we note that "[i]t is beyond peradventure that an appeal following a jury verdict is premature and must be quashed if taken before the lower court has disposed of post-trial

as that premature appeal had been quashed. Rule 905(a) is inapplicable in the present scenario. Appellant's claim fails.

¶ 17 Accordingly, on the basis of the foregoing, we conclude that the trial court did not abuse its discretion by refusing to grant Appellant an appeal *nunc pro tunc.*

¶ 18 Order affirmed.

motions." *Litt v. Rolling Hill Hospital,* 293 Pa.Super. 97, 437 A.2d 1008, 1009 (1981).