**Shawn TOWEY, Appellee**

v.

**Elizabeth Ann LEBOW, Appellant.**

**No. 1192 EDA 2008.**

Superior Court of Pennsylvania.

Argued June 9, 2009.
Filed Aug. 28, 2009.

Christian P. Suprenuk, Jenkintown, for appellant.

Lisa Jordan, Philadelphia, for appellee.

4.   Guardians *ad litem* should be appointed for the minor children.

BEFORE: KLEIN, PANELLA and KELLY, JJ.

OPINION BY KELLY, J.:

¶ 1 Elizabeth Ann Lebow, Appellant, appeals from the order entered in the Court of Common Pleas of Philadelphia County dismissing for lack of jurisdiction her motion to file an appeal *nunc pro tunc* to this Court. We vacate and remand, finding that Pennsylvania Courts of Common Pleas have jurisdiction to grant parties the right to file a notice of appeal to this Court *nunc pro tunc*.

¶ 2 The facts of this case are largely not in dispute. Shawn Towey, Appellee, commenced the underlying action seeking the partition of real property by filing a civil complaint on August 30, 2006. A bench trial was held on July 18, 2007. The trial court deferred its ruling and took the matter under advisement. On November 26, 2007, approximately four months after trial, the trial court signed an order partitioning the subject property. However, the order was not entered on the docket until December 14, 2007.

¶ 3 On December 7, 2007, Appellant's counsel accessed the court's online docket and saw that no order had yet been entered. Around this time, Appellee's counsel contacted the trial court's chambers inquiring as to whether an order had been entered. In response, a copy of the order was faxed to Appellee's counsel. The court did not, however, fax a copy of the order to Appellant's counsel or law firm. Appellant's counsel never received notice of the order in the mail.

¶ 4 On January 15, 2008, Appellant's counsel received a message from Appellant advising that she had been contacted regarding sale of the subject property. Appellant's counsel immediately accessed the trial court's online docket and discovered an order had been entered on the docket on December 14, 2007. While reviewing the docket, Appellant's counsel observed that the court's docket listed the address of Appellant counsel's incorrectly.

¶ 5 On January 17, 2008, two days after learning that an order had been entered, Appellant filed with the trial court a motion for leave to file an appeal *nunc pro tunc*. On March 19, 2008, the trial court issued an order denying the motion for lack of jurisdiction. In a footnote, the trial court asserted that "[a] Motion for Leave to Appeal Nunc Pro Tunc from an order entered by a judge in the Court of Common Pleas has to be filed in the court to which the party is seeking to appeal, the Superior Court in this case." (Order, 3/19/08, at n. 1). On April 15, 2008, Appellant filed a notice of appeal.[1]

¶ 6 First, Appellant argues that the trial court possessed jurisdiction to rule on her motion for leave to file an appeal *nunc pro tunc,* and thus erred in denying the motion on that basis. Appellant asks that this Court reverse the trial court's order and remand for an evidentiary hearing on Appellant's motion for leave to appeal *nunc pro tunc,* or in the alternative, directly grant her leave to appeal.[2]

■ ¶ 7 The issue before us involves a question of law. "Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary as [the appellate] court may review the entire record in making its

---

1. Although the trial court did not order Appellant to file a concise statement of errors complained of on appeal, the court issued a two sentence opinion incorporating by reference its previous footnote opinion on November 28, 2008.

2. For ease of disposition, we have reordered Appellant's arguments.

decision." *Mastroni–Mucker v. Allstate Ins. Co.*, 976 A.2d 510, 2009 WL 1497107, at *7 (Pa.Super. May 29, 2009) (citation omitted).

¶ 8 In Pennsylvania, both trial and appellate courts have jurisdiction to determine whether an appeal *nunc pro tunc* should be granted. *See Weiman by Trahey v. City of Philadelphia*, 129 Pa. Cmwlth. 25, 564 A.2d 557, 559 (1989) ("[b]oth the trial court and our Court have jurisdiction to decide this question, and a petition to appeal *nunc pro tunc* may be directed to either the lower court or the appellate court"); [3] *Nagy v. Best Home Services, Inc.*, 829 A.2d 1166, 1167 (Pa.Super.2003) ("trial court may grant [ ] an appeal *[nunc pro tunc]* only if the delay in filing is caused by extraordinary circumstances"); *Raheem v. Univ. of the Arts*, 872 A.2d 1232 (Pa.Super.2005) (finding that trial court did not abuse its discretion by refusing to grant appeal *nunc pro tunc* ). Thus, the trial court erred as a matter of law in denying Appellant's motion for leave to appeal *nunc pro tunc* on the basis of jurisdiction.

¶ 9 The question remains whether we should vacate and remand for further proceedings to determine if an appeal *nunc pro tunc* should be granted, or whether we should dispose of the motion instantly. With regard to the determination of whether an appeal *nunc pro tunc* should be granted:

> In *Bass v. Commonwealth Bureau of Corrections, et al.*, 485 Pa. 256, 401 A.2d 1133 (1979), [our Supreme] Court found that where an appellant, an appellant's counsel, or an agent of appellant's counsel has failed to file a notice of appeal on time due to non-negligent circumstances,

the appellant should not lose his day in court. Therefore, the *Bass* Court expanded the limited exceptions for allowing an appeal *nunc pro tunc* to permit such an appeal where the appellant proves that: (1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay.

*Criss v. Wise*, 566 Pa. 437, 781 A.2d 1156, 1159 (2001) (citations omitted). Resolution of these three factors requires factual determinations more appropriate for the trial court. *See Baker v. City of Philadelphia*, 145 Pa.Cmwlth. 421, 603 A.2d 686, 689 (1992) ("Because a factual determination must be made, the better court to entertain the appeal nunc pro tunc is the trial court."). Accordingly, we remand to the trial court to hold an evidentiary hearing to determine whether Appellant satisfies the *Bass* criteria.

¶ 10 Order vacated. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

---

**3.** Although Commonwealth Court decisions are not binding on this Court, *see Stackhouse v. Stackhouse*, 862 A.2d 102, 105 (Pa.Super.2004), we find its explanation regarding jurisdiction to rule on a motion for leave to file an appeal *nunc pro tunc* applicable here.