J-A08020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CORINE LAPINSKAS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| THE TRAVELERS HOME AND MARINE INSURANCE CO. AND BILLIG-HELMES INSURANCE ASSOCIATES, INC. | |
| Appellees | No. 1018 MDA 2014 |

Appeal from the Order Entered on February 11, 2014
In the Court of Common Pleas of Luzerne County
Civil Division at No.: 10700 of 2012

BEFORE:  SHOGAN, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED JUNE 18, 2015**

Corine Lapinskas appeals the trial court's February 11, 2014 order. That order denied her petition for allowance of appeal *nunc pro tunc* of the trial court's earlier discovery sanction order. Lapinskas argues that opposing counsel's and the court's persistent failure to note her counsel's change of address resulted in her being deprived of notice of the proceedings and orders associated with the trial court's imposition of sanctions, such that the equities warranted allowance of appeal of those orders *nunc pro tunc*. The trial court did not address the merits of this claim, ruling simply that the request for *nunc pro tunc* relief was in the nature of an untimely motion for

---

[*]     Retired Senior Judge assigned to the Superior Court.

reconsideration, and that this Court lacks jurisdiction over this appeal because it is untimely relative to the underlying sanction order. After careful review, we find that the sanction order at issue was not properly transmitted to Lapinskas. Consequently, Lapinskas' motion for *nunc pro tunc* relief was moot in the first instance. Accordingly, we vacate the trial court's order, and we remand for further proceedings.

The substance of the underlying action is immaterial to the issue at hand. However, we must relate at length the procedural events that are relevant to the issue presented.

On August 7, 2012, Lapinskas filed a complaint against the above-captioned Appellees, Travelers Home and Marine Insurance Co. and Billig-Helmes Insurance Associates (respectively "Travelers" and "BHI"). On August 22, 2012, BHI filed preliminary objections. On September 6, 2012, Travelers filed an answer, new matter, and cross-claim. On September 14, 2012, BHI filed its response to Travelers' new matter and cross-claim. On October 24, 2012, the trial court entered an order sustaining BHI's preliminary objections. The court afforded Lapinskas the opportunity to file an amended complaint.[1]

_____

[1]    Because BHI is not a party to this appeal, we hereinafter exclude procedural events involving only Lapinskas and BHI to simplify our account of the relevant proceedings.

Meanwhile, on or about September 1, 2012, counsel for Lapinskas, James R. Scallion, Esq., relocated his office. He avers that he transmitted a form letter noting the change to the Luzerne County Court of Common Pleas and to "clients and counsel of record in open cases." Brief for Lapinskas at 5. Scallion also notes that he set up United States Postal Service ("USPS") mail forwarding, which was guaranteed to run for approximately six months after his change of address. Scallion further specifically avers that notice of the change was provided to counsel of record for Appellees. On or about December 13, 2012, when Appellees had continued to send materials to Scallion's former address, Scallion sent another letter informing Appellees of his changed address.

On November 19, 2012, Lapinskas filed her amended complaint. On or about December 27, 2012, during proceedings on Lapinskas' amended complaint, Travelers served interrogatories and requests for production of documents upon Lapinskas. Lapinskas undisputedly did not timely respond to these requests.

In or around March of 2013, Travelers moved the trial court to enter an order compelling Lapinskas to respond to Travelers' December 27, 2012 discovery requests. Although the docket contains no notation regarding, and the certified record does not contain, such a motion,[2] we infer this event

---

[2]   For this reason, we have no basis to conclude that Travelers duly served or otherwise apprised Lapinskas of this motion.

because, on April 3, 2013, the trial court entered an order granting this alleged motion and directing Lapinskas "fully and completely" to respond to all interrogatories and produce all requested documents "without objection." Order, 4/3/2013, at 1.

We pause, now, to note that neither the docket nor the record disclose that the trial court complied with Pa.R.C.P. 236 in connection with this order. Rule 236 provides that "[t]he prothonotary shall immediate give written notice [to the parties] of the entry of . . . any . . . order . . . to each party's attorney of record. . . . The notice shall include a copy of the order or judgment." Pa.R.C.P. 236(a)-(b). In what amounts to foreshadowing, we note that an appeal period applicable to a given order does not begin to run until the date that the docket indicates that Rule 236 notice of that order was provided to a party seeking to appeal. **See In re L.M.**, 923 A.2d 505, 509 (Pa. Super. 2007). Our Supreme Court has characterized this as "a bright-line rule, to be interpreted strictly." **Id.** (citing **Frazier v. City of Philadelphia**, 735 A.2d 113, 115 (Pa. 1999)). Notably, the docket specifically reflects that Rule 236 notice was provided in connection with the one prior and several, but not all, subsequent orders issued in this matter.

On May 9, 2013, Travelers filed a motion for sanctions against Lapinskas alleging that Lapinskas still had not provided the discovery that Travelers requested and that the trial court directed her to provide. The certificate of service attached to Travelers' motion indicated that service had been provided to Scallion at his former address. By this time, the six-month

USPS mail-forwarding period presumably had expired. On the same day, the trial court issued a rule to show cause why Travelers should not be granted the relief it requested, which noted that argument on the motion would be held on June 17, 2013. The docket contains no entry indicating that Rule 236 notice of the rule to show cause was transmitted to Lapinskas. On June 17, 2013, when no one appeared for Lapinskas at the hearing, the trial court entered an order granting Travelers' motion. Specifically, the trial court order provided that Lapinskas would be precluded from introducing at trial any documents requested by, but not furnished to, Travelers, and awarding reasonable attorneys' fees to Travelers. Once again, the trial court docket and the certified record are devoid of any indication that Rule 236 notice of the sanction order was sent to Lapinskas.

On June 27, 2013, Travelers filed a sworn statement of costs and fees, seeking an order following through on the trial court's award of same in its June 17, 2013 order. Attached to this filing, Travelers' certificate of service for the first time indicated that it had served its statement on Scallion at his new address. On July 8, 2013, the trial court entered an order scheduling a hearing for August 5, 2013, ostensibly to address Travelers' submitted costs and fees. Again, the docket does not indicate that the requisite Rule 236 notice was provided.

On August 5, 2013, with Lapinskas again *in absentia*, the trial court entered an order granting Travelers over $5,000 in sanctions. The docket

provides no indication that Rule 236 notice of this order was provided to Scallion.

On November 27, 2013, Travelers filed a new motion for sanctions based upon Lapinskas' failure to comply with the trial court's orders granting Travelers' motions to compel and for sanctions, respectively dated April 3 and August 5, 2013. Travelers appended as exhibits to its motion all filings and orders relevant to the trial court's earlier orders respectively compelling Lapinskas to comply with Travelers' discovery requests and, later, entering sanctions for Lapinskas' failure to do so. No certificate of service was attached to the docketed copy of Travelers' second motion for sanctions.

Travelers appended to this motion what appear to be print-outs of an email exchange between counsel for Travelers and Scallion. The exchange in question begins with a message from Scallion to Travelers' attorney, dated Tuesday, April 30, 2013, in which Scallion wrote as follows:

> It has come to my attention that you called last week to follow-up [*sic*] regarding your Motion to Compel discovery responses. I sincerely apologize that you have had difficulty reaching me, and that my office has failed to respond to your request. You have my assurance that the discovery responses are forthcoming, and I have made it clear to my client that they must be returned immediately.
>
> I do hope that this correspondence reaches you **in time to prevent the filing of a Motion for Sanctions**. Again, please accept my apologies. I expect that you will have the responses by Monday at the latest.

Electronic mail, Scallion to Leslie Greenspan, 4/30/2013 (emphasis added).

Thereafter, on May 7, 2013, Travelers' counsel, Leslie Greenspan, Esq.,

responded as follows:

> I have been trying to reach you for months, but you have not responded to mail, telephone calls, or faxes. I would much prefer to have your discovery responses than to trek up to Luzerne County on Thursday, but if I do not have your discovery responses, I will have no choice but to move forward with my motion for sanctions. The choice is yours.

Electronic mail, Greenspan to Scallion, 5/7/2013. The next message on the

same thread, dated June 13, 2013, was from Greenspan to Scallion:

> I have not heard from you, received discovery responses, or received a response to the Rule to Show Cause that we served on you on May 9, 2013. The hearing on the Rule to Show Cause and Motion for Sanctions is Monday June 17 at 9:30 am in the main courthouse on the 3rd floor. If you are planning to attend, I will see you there.

Electronic mail, Greenspan to Scallion, 6/13/2013. Neither Scallion nor

anyone else representing Lapinskas appeared at the June 17, 2013 hearing,

and sanctions were ordered, as detailed *supra*.

Scallion finally made his presence known on December 2, 2013, when

he filed on Lapinskas' behalf a Petition for Allowance of Appeal *Nunc Pro

Tunc* of the trial court's August 5, 2013 order granting Travelers' motion for

sanctions, the denial of which furnishes the basis of this appeal. Therein,

Scallion provided the aforementioned account of his address change and the

notices he purportedly provided to opposing counsel. With respect to the

motions to compel and for sanctions proceedings that occupied the summer

and fall of 2013, Scallion averred somewhat vaguely as follows: "It has come to the attention of undersigned counsel that [Travelers] has obtained an order granting sanctions against [Lapinskas] for failure to respond to discovery requests." Petition for Allowance of Appeal *Nunc Pro Tunc*, 12/2/2013, at 2 ¶ 7. He further averred that "he was not properly served with any of the filings [that] ultimately resulted in an Order granting Sanction [*sic*]," and that he had obtained the various documents only from the electronic docket provided by the court of common pleas. *Id.* at 2 ¶¶ 8-9. He underscored his belief that none of those filings had been served on his correct address, and that Travelers' certificates of service indicated transmission to an incorrect address. *Id.* at 3 ¶ 10-11. He submitted that these circumstances "resulted in an injustice [that could] only be cured by allowing an appeal of the above-noted Order for Sanctions *nunc pro tunc*." *Id.* at 3 ¶ 14.

The trial court disagreed, at least in part. On February 11, 2014, it entered an order granting Lapinskas' motion with regard to the June 17, 2013 order granting Travelers' second motion to compel but denying that motion as to the April 3, 2013 and August 5, 2013 orders—respectively, granting Travelers' first motion to compel and granting Travelers' request for sanctions.

This appeal followed.[3]  The trial court directed Lapinskas to file a concise statement of the errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Lapinskas timely complied.  The trial court issued what it captioned on "order" on May 5, 2014, ostensibly in lieu of a Rule 1925(a) opinion.  Therein, it opined that this Court lacked jurisdiction over Lapinskas' appeal.  Specifically, the trial court noted that Lapinskas had failed to comply with Pa.R.A.P. 903(a), which requires that all authorized appeals be filed with the Superior Court within thirty days of the challenged order.  The trial court rejected Lapinskas' argument that her appeal derived from the trial court's February 11, 2014 order denying *nunc pro tunc* relief (in part), and instead construed it as a *de facto* motion for reconsideration of the August 5, 2013 order.  The trial court correctly observed that a motion for reconsideration does not toll the thirty-day time within which an appeal

_____

[3]    As noted, the trial court purported to grant *nunc pro tunc* review of its June 17, 2013 order and to deny such review of both its April 3, 2013 order and its August 5, 2013 order.  However, as far as we can discern, Lapinskas has taken no action on the June 17, 2013 order, and she and the trial court both ultimately focus their discussions upon the August 5, 2013 order imposing sanctions upon Lapinskas.  Nonetheless, it is Lapinskas' failure to comply with the April 3, 2012 order that served as the principal or exclusive basis upon which Travelers' motion for sanctions was granted.  Given the nature of our ruling, these details are irrelevant, as such.  Thus, although our discussion focuses upon the August 5, 2013 order, our disposition necessarily implicates the April 3, 2012 order granting Travelers' motion to compel.  Notably, the dissent addresses only the sanction order.  While it is true that orders imposing discovery sanctions are not immediately appealable, there are circumstances under which an order compelling discovery is immediately appealable; this distinction is critical to the discussion that follows.

must be filed, *see* Trial Court Opinion, 5/5/2014 at 2 (citing *Cheathem v. Temple Univ. Hosp.*, 743 A.2d 518, 520 (Pa. Super. 1999)), and concluded as follows:

> Although [Lapinskas] captioned her December 2, 2013 filing as a Motion to Set Aside Orders, she was clearly asking for a reconsideration of the Order of this Court dated August 5, 2013. Reconsideration was not granted[,] so the August 5, 2013 Order remained in effect. [Lapinskas'] appeal filed seven months later is untimely and should be dismissed.

*Id.*

This Court has outlined the limited circumstances under which *nunc pro tunc* relief may be granted:

> In civil cases, a trial court may grant an appeal *nunc pro tunc* only under two circumstances. First, a trial court may grant an appeal *nunc pro tunc* where there was fraud or a breakdown in the court's operations. Second, a trial court may grant an appeal *nunc pro tunc* on the grounds of non-negligent happenstance.

*Raheem v. Univ. of the Arts*, 872 A.2d 1232, 1234 (Pa. Super. 2005) (citations omitted). We have held that an appeal from an order denying *nunc pro tunc* relief presents a question of law:

> "Our standard of review over questions of law is *de novo* and[,] to the extent necessary, the scope of our review is plenary as [the appellate] court may review the entire record in making its decision." *Mostroni-Mucker v. Allstate Ins. Co.*, 976 A,2d 510, 518 (Pa. Super. 2009) (citation omitted).

> In Pennsylvania, both trial and appellate courts have jurisdiction to determine whether an appeal *nunc pro tunc* should be granted. *See Weiman by Trahey v. City of Phila.*, 564 A.2d 557, 559 (Pa. Cmwlth. 1989) ("Both the trial court and our Court have jurisdiction to decide this question, and a petition to appeal

*nunc pro tunc* may be directed to either the lower court or the appellate court."); **Nagy v. Best Home Servs., Inc.**, 829 A.2d 1166, 1167 (Pa. Super. 2003) ("[The t]rial court may grant [] an appeal [*nunc pro tunc*] only if the delay in filing is caused by extraordinary circumstances."); **Raheem**, 872 A.2d 1232 (finding that [the] trial court did not abuse its discretion by refusing to grant appeal *nunc pro tunc*). . . .

＊ ＊ ＊ ＊

With regard to the determination of whether an appeal *nunc pro tunc* should be granted:

> In **Bass v. Commonwealth Bureau of Corrections**, 401 A.2d 1133 (Pa. 1979), [our Supreme] Court found that where an appellant, an appellant's counsel, or an agent of appellant's counsel has failed to file a notice of appeal on time due to non-negligent circumstances, the appellant should not lose his day in court. Therefore, the **Bass** Court expanded the limited exceptions for allowing an appeal *nunc pro tunc* to permit such an appeal where the appellant provides that: (1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay.

> **Criss v. Wise**, 781 A.2d 1156, 1159 (Pa. 2001) (citations omitted).

**Towey v. Lebow**, 980 A.2d 142, 144 (Pa. Super. 2009) (citations modified; footnote omitted).

We are constrained to disagree with the trial court's interpretation of the substance of Lapinskas' motion. Not only was that motion styled as a motion for appeal *nunc pro tunc*; its material averments plainly were directed at securing such relief, not belatedly seeking reconsideration of the

- 11 -

order(s) in question. Specifically, in Lapinskas motion, Scallion averred as follows:

8. Undersigned counsel respectfully avers that he was not properly served with any of the filings [that] ultimately resulted in an Order granting Sanctions, including the Motion to Compel and Rule to Show Cause, Memorandum of Law, Order compelling response, Motion for Sanctions and Rule to Show Cause, Order granting Sanctions, or statement of attorney's fees.

9. Undersigned counsel has obtained copies of the documents referenced in Paragraph 8 above from the electronic docket of the Luzerne County Prothonotary.

10. It is believed and therefore averred that [] none of the above-noted documents were properly served upon undersigned counsel for [Lapinskas].

11. Certificates of Service filed by counsel for Travelers aver that service was made to undersigned counsel's prior address, despite repeated notice to counsel for Travelers of the change of address.

12. Moreover, the mail[-]forwarding provided by the United States Postal Service is only guaranteed for a period of six months. The Motion to Compel was filed on or about July 30, 2013, approximately four months after the termination of mail forwarding services.

13. It is further averred that, as counsel provided an address update to the Luzerne County Court of Common Pleas, the Court erred by accepting defense counsel's certificates averring service to an old address.

14. [Lapinskas] respectfully avers that the failures of counsel for Travelers and the Court have resulted in an injustice [that] can only be cured by allowing an appeal of the above-noted Order for Sanctions *nunc pro tunc*.

Petition for Allowance of Appeal *Nunc Pro Tunc*, 12/2/2013, at 2-3. By virtue of the trial court's focus upon this Court's putative lack of jurisdiction

over this appeal, we lack any insight into the trial court's fact-finding with regard to the factors governing *nunc pro tunc* relief.

We must emphasize that we have ample reason to doubt at least one of Scallion's averments. Specifically, as noted, *supra*, the record indicates that Travelers' June 27, 2013 statement of legal fees was served upon Scallion at his new address. From this, we are inclined to infer that, as of that date, if not sooner, Scallion had knowledge of the trial court's previously entered sanction order. This is problematic with respect to the first and second elements of the test set forth in **Towey**, *supra*. Even if we accept that Scallion was non-negligent before that date, for example due to defective service of Travelers' prior discovery-related filings, it becomes difficult to draw that conclusion after Scallion's presumed receipt of that properly served statement of fees. As well, we have Scallion's own April 30, 2013 electronic missive to Greenspan acknowledging his outstanding discovery obligations and expressing his desire to avoid a motion for sanctions. We then have Greenspan's May 7 and June 13, 2013 responsive emails specifically alluding to sanction proceedings, including specific reference to the June 17, 2013 hearing regarding same. We have no reason to believe that Scallion's access to his electronic mail account somehow was compromised in the interim between Scallion's April 30 message and Greenspan's May 7 message, and he does not argue otherwise. Thus, it is difficult not to conclude that Scallion's delay was, at least to some extent, the product of ordinary negligence. Similarly, given this correspondence, at

a minimum Scallion was on notice to tend to the case, specifically his discovery obligations. Even if circumstances beyond his control interfered with his ability to do so, it is difficult to imagine, given Greenspan's clear threat to seek sanctions, that Scallion would then wait approximately five months to review the docket. At the very least, he was all too aware throughout that period that he had not met his discovery obligations. Consequently, it is questionable whether Lapinskas is entitled to relief on these grounds; at best, the events described above suggest that what started as happenstance, as to which Scallion was blameless, evolved into negligence when the above-mentioned correspondence more than adequately informed Scallion that Travelers intended to seek sanctions.

Nonetheless, as noted in **Raheem**, *supra*, *nunc pro tunc* relief also may be called for when a breakdown in the court's operations is to blame for the failure timely to file an appeal. This brings us back to the serial absence of docket notations indicating that Rule 236 notice had been provided of the various proceedings and orders that culminated in the imposition of sanctions upon Scallion, including the sanction order underlying Lapinskas' request for *nunc pro tunc* relief. From the record, we have no way to confirm that such notices were transmitted. Furthermore, the docket we received from the trial court with the certified record, which was filed with us on June 24, 2014, and presumably is current through that date, continues to list Scallion's old address, not his updated address. Thus, even if Rule 236 notice was, in fact, transmitted to Scallion, we must assume that it was

- 14 -

transmitted to his old address well after the expiration of his mail-forwarding arrangement with the United States Postal Service.

In **L.M.**, *supra*, this Court held that, until Rule 236(b) notice is provided, the appeal period for the order as to which notice is required does not commence to run. 923 A.2d at 509; **see** Pa.R.A.P. 108(a)(1) ("[I]n computing any period of time under these rules involving the date of entry of an order by a court . . ., the day of entry shall be the day the clerk of the court . . . mails or delivers copies of the order to the parties . . . ."). Moreover, our Supreme Court has held in clear terms that "an order is not appealable until it is entered on the docket *with the required notation that appropriate notice has been given*." **Frazier**, 735 A.2d at 115 (emphasis in original). In equally clear terms, we have held that, even when the appealing party has received actual notice, the thirty-day period does not begin to run unless and until the proper notation appears in the docket. **L.M.**, 923 A.2d at 509 (citing **Frazier**, 735 A.2d at 115).

For the foregoing reasons, we are constrained to find that the trial court's order denying *nunc pro tunc* relief, like the motion seeking that relief, is moot. We need not remand for fact-finding, because no authority of which we are aware would permit the trial court to overlook its violations of Rule 236 even if, for example, counsel for Travelers could demonstrate that Scallion had actual and timely notice of all relevant orders. Thus, unlike in **Towey**, justice would not be served by requiring the trial court to make any further fact-finding, as no facts could emerge to relieve the trial court of its

duty under Rule 236. The failure to furnish Rule 236 notice renders the orders in question ineffective unless and until such notice is provided, whereupon the thirty-day time period for review of the sanction order will begin to run. Because this will give Lapinskas ample time to file a motion for reconsideration and/or a timely appeal, *nunc pro tunc* relief is not presently necessary.[4]

On remand, the court, in its discretion, may provide and docket Rule 236 notice of the sanction order, withdraw the order entirely, or convene new proceedings to address the discovery violations at issue.

Order vacated. Case remanded. Jurisdiction relinquished.

_____

[4] The learned dissent would affirm the trial court's denial on the basis that the sanction order was interlocutory, and not subject to any exception to the rule that such orders are not appealable until the entry of judgment. While this solution is not without its appeal, it implicitly excludes the possibility that Lapinskas, given due notice and the opportunity to oppose Travelers' motion to compel that preceded its motion for sanctions, might therein assert one of the narrow grounds that permits immediate appeal. *See, e.g., Berkeyheiser v. A-Plus Investigations, Inc.*, 936 A.2d 1117, 1123-24 (Pa. Super. 2007) (holding that an order denying requests for protective orders was immediately appealable under the collateral order doctrine set forth in Pa.R.A.P. 313). Indeed, as noted *supra* n.3, the dissent is silent as to the potential appealability of the April 2, 2013 order. Lapinskas' lack of response to Travelers' motion to compel may have been a direct result of a breakdown in the trial court. Consequently, the record before us offers no guidance regarding whether she would have raised an immediately appealable claim of privilege in response to Travelers' discovery requests. Thus, the dissent puts the cart before the horse in denying the trial court the opportunity to determine in the first instance whether Lapinskas, properly notified of the motion to compel, would have raised such an argument, and, if so, whether it is meritorious. However slim that possibility, it is not this Court's province to make that determination, explicitly or implicitly, given the present state of the record.

Judge Shogan joins the memorandum.

Judge Strassburger files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/18/2015