J-S21044-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

LEWIS DAVIS AND LAURA LEE HENRY, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
NICK MCFALLS C/O MACE PROPERTY :
MANAGEMENT, :
:
APPEAL OF: LEWIS DAVIS : No. 1794 WDA 2016

Appeal from the Order October 28, 2016
in the Court of Common Pleas of Allegheny County,
Civil Division, at No(s): LT-16-000564

BEFORE: LAZARUS, DUBOW, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.: FILED: May 26, 2017

Lewis Davis *pro se* appeals from the order entered on October 28, 2016, which denied his motion to file a late appeal from arbitration. We affirm.

On June 23, 2016, Nick McFalls c/o Mace Property Management (Landlord) filed a landlord/tenant complaint against Lewis Davis and Laura Lee Henry (collectively, Tenants) for possession and rent due. A hearing was held before a board of arbitrators on August 2, 2016. Davis appeared at the hearing, but Henry did not. The board of arbitrators awarded possession and $1,600 to Landlord.

*Retired Senior Judge assigned to the Superior Court.

On September 2, 2016, Davis filed a motion to file a late appeal for a trial *de novo* in the Court of Common Pleas of Allegheny County.[1]  Davis submitted the following in support of his motion.

> I was very sick with a serious skin [disease] which prevented me from coming in sooner to file this appeal.  I'm currently in college and would like this appeal so I may pay my back rent and keep my apartment.  I pray you will grant my appeal so I may get a new lease and finish school (Geneva College) and have a place for me and my kids.  The main delay is I couldn't contact [Henry] to have her show and pay her half.  I want to work out payment arrangements ASAP.

Motion to File Late Appeal, 9/2/2016.

On October 28, 2016, the trial court denied Davis's motion, but stayed Davis's eviction until November 28, 2016.  On November 23, 2016, Davis filed an appeal to this Court.  The trial court did not order Davis to file a concise statement of errors complained of on appeal, but did author an opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Davis argues that the trial court erred in denying his motion for a late appeal.  We consider this issue mindful of the following.

> The standard of review applicable to the denial of an appeal *nunc pro tunc* is whether the trial court abused its discretion. An abuse of discretion is not merely an error of judgment but is found where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record.

_____

[1] An appeal from arbitration must be filed no later than 30 days after the entry of the arbitrators' award pursuant to Pa.R.C.P. 1308(a).  In this case, September 1, 2016, was the 30th day.

*Raheem v. Univ. of the Arts*, 872 A.2d 1232, 1234 (Pa. Super. 2005) (internal citations and quotation marks omitted).

"The timeliness of an appeal … for a *de novo* trial in the court of common pleas [] is a jurisdictional matter. Thus, the court of common pleas does not have jurisdiction to hear an arbitration appeal for a trial *de novo* unless that appeal is timely filed." *Lough v. Spring*, 556 A.2d 441, 444 (Pa. Super. 1989). Our Supreme Court has stated the following.

> As a general rule, an appeal *nunc pro tunc* is only granted in civil cases where there was fraud or a breakdown in the court's operations…. In recent years, however, the courts have somewhat liberalized this rigid standard which required fraud or a breakdown in the court's operation. *See*, *e.g.*, *Cook v. Unemployment Comp. Bd. of Review*, [] 671 A.2d 1130 ([Pa.] 1996) (hospitalization of litigant during the running of the appeals period which resulted in the non-negligent late filing of the appeal supplied grounds for granting an appeal *nunc pro tunc*).

*Lee v. Guerin*, 735 A.2d 1280, 1281 (Pa. Super. 1999) (quoting *Commonwealth v. Stock*, 679 A.2d 760, 763 (Pa. 1996) (some internal citations and quotation marks omitted)).

Here, the trial court concluded that, based upon Davis's motion and argument, Davis "did not set forth facts establishing either a breakdown in the court machinery or fraud." Trial Court Opinion, 12/1/2016. Thus, the trial court concluded it properly denied Davis's motion.

In Davis's motion to the trial court and again in his brief to this Court, he cites to a skin disease as his excuse for his late filing. Specifically, Davis states that "[i]n August 2016 [he contracted] a very contagious skin disease

known as scabies that wouldn't allow [him] to attend Geneva for his fall semester…. [He] was on home confinement for 12 weeks until his skin condition was resolved." Davis's Brief at 1 (unnumbered) (unnecessary capitalization omitted).

Notably, Davis does not point to any non-negligent reason as to why he did not file his appeal by its due date, September 1, 2016. Moreover, Davis does not explain how he was able to file his motion on September 2, 2016 despite his "home confinement." Based on the foregoing, we hold the trial court did not abuse its discretion by denying Davis's motion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 5/26/2017

- 4 -