J-S14019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYREE A. LAWSON | : | |
| | : | No. 2123 EDA 2017 |
| Appellant | : | |

Appeal from the Order Entered on June 15, 2017
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0000542-2009

BEFORE: OTT, J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED MAY 11, 2018**

Tyree Lawson appeals from the order entered on June 15, 2017, denying his application to appeal *nunc pro tunc*. We affirm.

The procedural history of this case is as follows: On March 9, 2011, a jury convicted Lawson of burglary, two counts of conspiracy, and three counts of robbery-inflicting serious bodily injury.[1] The trial court sentenced Lawson to an aggregate term of 19 to 60 years' imprisonment on June 1, 2011. This Court affirmed his judgment of sentence on August 7, 2012, and the Pennsylvania Supreme Court denied allowance of appeal on January 18, 2013.

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3502, 903, and 3701(a)(1), respectively.

***Commonwealth v. Lawson***, 60 A.3d 559 (Pa.Super. 2012) (unpublished memorandum); *appeal denied*, 62 A.3d 379 (Pa. 2013).

Lawson filed his first PCRA petition, *pro se*, on June 18, 2013. The lower court appointed counsel, who later filed a ***Finley***[2] letter. The lower court dismissed the petition on October 7, 2013 for lacking arguable merit. Afterwards, Lawson filed a series of PCRA petitions that were all denied.

On February 24, 2017, Lawson filed a "Motion to Alter and/or Amend Judgment." In this motion, Lawson asked the court to reconsider its denial of a prior "Motion to Open and Vacate Order/Sentence" filed on January 31, 2017. The court did not rule on the Motion to Alter and/or Amend Judgment. On June 14, 2017, Lawson filed in the Court of Common Pleas an Application to File Appeal *Nunc Pro Tunc*. Lawson claimed that the Motion to Alter and/or Amend Judgment was denied by operation of law pursuant to Pa.R.Crim.P. 720[3] and asked the court to grant him an appeal *nunc pro tunc*. On June 15, 2017, the court denied the application, and this timely appeal followed.

On appeal Lawson raises three questions for our review:

I.    Whether the court committed an unfair abuse of discretion that resulted to an unreasonable breakdown in the court's process by refusing to rule on the merits of defendant's February 10, 2017 mailed an otherwise timely filed motion to alter or amend its February 3, 2017, without reason denial order resulting defendant's 42 § 5505 motion to open

---

[2] ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] We do not agree. Pursuant to Rule 720, the Motion to Alter and/or Amend would not have been denied by operation of law until June 26, 2017.

and vacate order/sentence for which were procured via fraud?

II.  Whether the trial court refusal to address prosecution pre-trial disclosure of its principal pre-trial disclosure of its principal witness (Andrew Bing) doctored an extensively falsified criminal record resulted to a fundamental unfair breakdown in the court's process and/or a biased collusion to conceal Commonwealth executed fraud upon the court and thereby warranting a new trial?

III. Whether the trial court's without reason denial order and continued refusal to address prosecution's knowingly use of false/perjured testimony and/or failure to correct the testimony that its office known or should had known as being false represented an unconscionable act of bias and/or continued effort to conceal prosecution fraud?

Lawson's Br. at 4 (verbatim).

We first observe that the lower court should have treated all of Lawson's "motions" as well as his application to file an appeal *nunc pro tunc* as Post Conviction Relief Act ("PCRA") petitions. 42 Pa.C.S.A. §§ 9541-9546. **See Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa.Super. 2002) (concluding appellant's motion to vacate constituted a second PCRA petition); **see also Commonwealth v. Kubis**, 808 A.2d 196, 198-99 (Pa.Super. 2002) (concluding that appellant's motion to file appeal *nunc pro tunc* constituted a second PCRA petition); **see also Commonwealth v. Evans**, 866 A.2d 442, 443 (Pa.Super. 2005) (concluding that motion for reconsideration constituted first PCRA petition filed after this Court affirmed the judgment of sentence). The PCRA is the sole means for obtaining post-conviction collateral relief. **Commonwealth v. Kutnyak**, 781 A.2d 1259, 1261 (Pa.Super. 2001). Our standard of review for the denial of PCRA relief is "whether the findings of the

PCRA court are supported by the record and free of legal error." ***Commonwealth v. Abu-Jamal***, 833 A.2d 719, 723 (Pa. 2003).

Having concluded that Lawson's application to file an appeal *nunc pro tunc* was a PCRA petition, we must address the timeliness of that petition before we can address the merits of his claims. All claims cognizable under the PCRA must be filed within one year of the date the judgment becomes final unless a statutory exception to the one-year time bar applies. 42 Pa.C.S.A. § 9545(b). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). A petition that is filed beyond the one-year deadline must plead and prove one of the three limited time-bar exceptions:

(i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

- 4 -

A petitioner must raise the exception within 60 days of the date on which it could have first been raised. 42 Pa.C.S.A. § 9545(b)(2).

Lawson's sentence became final on April 18, 2013, when the time for seeking discretionary review with the United States Supreme Court expired. He thus had until April 18, 2014 to file a timely PCRA petition. Lawson filed his petition on June 14, 2017, three years after the one-year deadline. It was therefore untimely, and the PCRA court lacked jurisdiction unless Lawson pleaded and proved that one of the exceptions applied.

Lawson argues that the court should have granted his application to appeal *nunc pro tunc* and cites Section 5505[4] of the Judicial Code claiming that relief may be granted when fraud or its equivalent is present. Lawson's Br. at 10. However, Lawson did not plead or prove any exceptions to the PCRA's time bar and a flat request for a *nunc pro tunc* appeal for any reason does not serve as an exception. **See Commonwealth v. Rivera**, 802 A.2d 629, 633 (Pa.Super. 2002) (concluding appellant's request for reinstatement of appellate rights *nunc pro tunc* could have been brought under the PCRA and attempt to circumvent PCRA was futile). Furthermore, the PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar." **See Commonwealth v. Medina**, 92 A.3d 1210, 1215 (Pa.Super. 2014) (*en banc*) (quoting **Commonwealth v. Watts**, 23 A.3d 980, 983 (Pa.

---

[4] "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S.A. § 5505.

2011)). As such, the PCRA court did not abuse its discretion in denying Lawson's application to file an appeal *nunc pro tunc*.

Additionally, even if we viewed Lawson's application to file an appeal *nunc pro tunc* outside of the context of the PCRA, relief would still not be due. Our standard of review for the denial of an appeal *nunc pro tunc* is whether the trial court abused its discretion. **Raheem v. University of the Arts**, 872 A.2d 1232, 1234 (Pa.Super. 2005). An abuse of discretion is not merely an error of judgment but is found where the law is "overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record." **Freeman v. Bonner**, 761 A.2d 1193, 1194-95 (Pa.Super. 2000) (quoting **Union Electric Corporation v. Board of Property Assessment, Appeals, & Review of Allegheny County**, 746 A.2d 581, 583 (Pa. 2000)). An appeal *nunc pro tunc* is intended as a remedy to vindicate the right to appeal where that right has been lost due to extraordinary circumstances. **Commonwealth v. Stock**, 679 A.2d 760, 764 (Pa. 1996).

Here, Lawson did not plead extraordinary circumstances to the lower court for why he did not file a timely appeal. Moreover, there was no right to appeal from the underlying order. **See Commonwealth v. Moir**, 766 A.2d 1253, 1254 (Pa.Super. 2000) (holding that an appeal from an order denying reconsideration is improper and untimely). As such, the lower court did not abuse its discretion in denying Lawson's application to appeal *nunc pro tunc*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/18