J-S44031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAMES WHITE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| AMINA SHEPPARD, | : | |
| | : | |
| Appellant | : | No. 3576 EDA 2017 |

Appeal from the Judgment Entered June 8, 2017
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  01535 April Term, 2016

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:            **FILED SEPTEMBER 20, 2018**

Amina Sheppard ("Sheppard"), *pro se*, appeals from the Judgment entered against her, and in favor of James White ("White"), in a quiet title action.  We dismiss the appeal.

On April 14, 2016, White filed a Complaint, claiming that he had submitted an application to the Philadelphia Redevelopment Authority (the "Authority"), to purchase a vacant property located at 2570 Napa Street in Philadelphia (the "Property"), after continuously making repairs to the Property over several years.  White asserted that while Sheppard, his daughter, lived at the Property, she failed to notify him of correspondence from the Authority requesting him to finalize the transfer, and instead fraudulently induced the Authority to transfer the Property to her.[1]

---

[1] The Authority transferred the Property to Sheppard by Deed executed on August 5, 2015, and recorded on August 11, 2015.

After four failed attempts to serve Sheppard with the Complaint, White filed a Praecipe to reinstate the Complaint, and Sheppard was ultimately served, in person, on July 14, 2017. Sheppard did not file a response.

On February 3, 2017, White filed a Motion for Summary Judgment, and a brief in support thereof, asserting that Sheppard had failed to respond to the Complaint, and had failed to file answers to his Request for Admission within 30 days. Again, Sheppard failed to respond. By Order dated May 8, 2017, the trial court directed that if Sheppard failed to respond to White's Motion for Summary Judgment within 30 days of the date of the Order, White could praecipe for the entry of final judgment in his favor. The trial court also ordered that upon entry of final judgment, the deed conveying the Property to Sheppard would be canceled. Receiving no response from Sheppard, White filed a Praecipe for entry of final judgment on June 8, 2017, and Judgment was entered the same day. This timely appeal followed.[2]

Initially, we observe that appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate

---

[2] White filed a Motion to quash the appeal, arguing that Sheppard's Notice of Appeal, filed July 7, 2017, was untimely. This Court denied the Motion, without prejudice to White's right to raise the issue in his appellate brief. White raises his argument again on appeal. Because the final Judgment was not entered in this matter until June 8, 2017, we conclude that the appeal is timely. *See Raheem v. Univ. of the Arts*, 872 A.2d 1232, 1234 n.2 (Pa. Super. 2005) (stating that "[a]ppeals to this Court are usually permitted only after entry of a final judgment.").

Procedure. ***In re Ullman***, 995 A.2d 1207, 1211 (Pa. Super. 2010). Sheppard's *pro se* brief, which she styled as an Affidavit, does not meet the following requirements: Pa.R.A.P. 2111(a)(1) (statement of jurisdiction); Pa.R.A.P. 2111(a)(2) and 2115(a) (order in question); Pa.R.A.P. 2111(a)(3) statement of both the scope of review and standard of review); Pa.R.A.P. 2111(a)(5) (statement of the case); and Pa.R.A.P. 2111(a)(6) and 2118 (summary of the argument). Further, Sheppard's brief is entirely devoid of any argument in relation to her claims. ***See*** Pa.R.A.P. 2119. Instead, Sheppard merely presents four questions, which fail to provide this Court with a clear understanding of precisely what issues are before us on appeal, and a vague "declaration" that the trial court's Judgment was in error.

We recognize that Sheppard is proceeding *pro se* in this matter. However, "*pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***In re Ullman***, 995 A.2d at 1211-12. While we are willing to allow some leeway to *pro se* litigants, we will not act as Sheppard's appellate counsel and create legal theories for her. Because Sheppard fails to make any coherent legal arguments, and the defects in her brief are substantial, we are unable to provide a meaningful review of her claims. Accordingly, we dismiss the appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/20/18