J-A10004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MELDORIA MILES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY MILES | : | |
| | : | |
| Appellant | : | No. 373 EDA 2023 |

Appeal from the Judgment Entered April 18, 2023
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 220401837

BEFORE: PANELLA, P.J.E., BECK, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.E.: **FILED APRIL 2, 2024**

Appellant Gary Miles appeals from the judgment of the Court of Common Pleas of Philadelphia County ("trial court") entered on April 18, 2023.[1] We quash the instant appeal *sua sponte* for its substantial noncompliance with the Pennsylvania Rules of Appellate Procedure.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that Appellant purported to appeal from the order denying his post-trial motion seeking reconsideration of the trial court's January 19, 2023 verdict. However, in civil matters, an "appeal to this Court can only lie from judgments entered subsequent to the trial court's disposition of post-[trial] motions, not from the order denying post-trial motions." **Raheem v. Univ. of the Arts**, 872 A.2d 1232, 1234 n.2 (Pa. Super. 2005) (citation omitted). Consequently, this Court issued an order on April 11, 2023, directing Appellant to praecipe the trial court Prothonotary to enter judgment on the decision of the trial court. On April 18, 2023, judgment was entered on the verdict pursuant to a praecipe filed by Appellant. We have adjusted the caption accordingly.

Following the commencement of an ejection action filed by Appellee, Meldora Miles, and a trial held on January 19, 2023, the trial court entered a Verdict in favor of Appellee and ordered that Appellant had thirty (30) days to vacate the premises in issue, and in lieu of his leaving the property that a Writ of Possession would be issued. Appellant timely filed an appeal to this Court.

We emphasize at the outset of our discussion the clear and concise mandate of Pa.R.A.P. 2101:

> **Rule 2101. Conformance with Requirements**
>
> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.

This Court has repeatedly held that substantial omissions, defects, and/or failures to conform to the minimal requirements for writing an appellate brief set forth in Chapter 21 of the Pennsylvania Rules of Appellate Procedure will result in the quashing or dismissal of the appeal, or that issues are waived due to noncompliance with our Appellate Rules. *See Elliot-Greenleaf, P.C. v. Rothstein*, 255 A.3d 539, 542 (Pa. Super. 2021); *Commonwealth v. Briggs*, 12 A.3d 291, 343 (Pa. Super. 2011). In the case *sub judice,* Appellant's brief omits all the requisite components of an appellate brief, including, most importantly, a discussion of relevant issues with citation to pertinent authority. *See* Pa.R.A.P. 2119(a), (b).

- 2 -

Appellant's brief, filed without page numbers, *see* Pa.R.A.P. 2173, fails to comply with the Court's numerous briefing requirements. It contains no statement of jurisdiction, statement of the scope of review and standard of review, or statement of the case. **See** Pa.R.A.P. 2111(a)(1), (a)(3), (a)(5); Pa.R.A.P. 2114, 2117. The brief does not contain the order or determination in question, a copy of the trial court ordered statement of errors complained of on appeal, summary of argument, or argument section. **See** Pa.R.A.P. 2111(a)(2), (a)(6), (a)(8), (a)(11); Pa.R.A.P. 2115, 2118, 2119.

Appellant's substantially defective brief prevents our ability to conduct meaningful appellate review. Accordingly, we quash the appeal. **See** **Commonwealth v. Perez**, 93 A.3d 829, 837, 838 (Pa. 2014) (stating compliance with "briefing requirements scrupulously delineated in our appellate rules" are "mandatory") (citation omitted); Pa.R.A.P. 2101 (appellate briefs that fail to conform with appellate rules in all material respects may be quashed).

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/2/2024

- 3 -