**STAHL OIL COMPANY, INC., a Pennsylvania Business Corporation, Appellant**

v.

**Ken HELSEL and Martha Helsel and Tom Holland and KMT Services, Inc., Appellees**

Superior Court of Pennsylvania.

Submitted May 10, 2004.

Filed Sept. 9, 2004.

Reargument Denied Nov. 18, 2004.

---

John J. Dirienzo, Somerset, for Stahl, appellant.

Richard J. Green, Johnstown, for Helsel, appellee.

David J. Flower, Somerset, for Holland, appellee.

Before: ORIE MELVIN, OLSZEWSKI and POPOVICH, JJ.

POPOVICH, J.:

¶ 1 Appellant Stahl Oil Company, Inc., a Pennsylvania business corporation, appeals from the order entered on October 2, 2003, in the Court of Common Pleas of Somerset County. On appeal, Appellant claims that the trial court erred by opening the previous judgment entered by confession in Appellant's favor and then by entering a verdict against Appellant. Upon review, we reverse the order and reinstate the previous judgment in favor of Appellant.

¶ 2 In 1993, Appellees Ken and Martha Helsel (the Helsels) and Tom Holland (Holland) (collectively Appellees) formed KMT Services, Inc. (KMT), a corporation that acted as an automotive repair shop and gasoline filling station in Central City. Each Appellee was an officer and equal shareholder of KMT. In March 1994, Appellees sought a fuel supplier for the gasoline filling station. On March 29, 1994, Jeff Nider, Appellant's salesman, brought a product sales agreement (sales agreement) and a guaranty agreement with power to confess judgment (guaranty agreement)[1] to the filling station for Appellees to execute. Mr. Nider described the documents to the Helsels as an agreement to purchase fuel and an agreement to pay for the fuel. Mr. Nider left the documents at the filling station with the Helsels to allow Holland to sign them. That evening, Holland signed both the sales agreement and guaranty agreement without meeting Mr. Nider. Appellees did not read the documents completely prior to signing nor did Appellees consult an attorney prior to signing the documents.

¶ 3 As per the sales agreement and guaranty agreement, a credit transaction and account was created between Appellant and KMT. From January 1999 until October 2001, KMT's balance owed on the credit account was between $8,250.00 and

---

1. The guaranty agreement's confession of judgment clause provided, as in pertinent part:

In the event [Appellees and KMT] shall at any time fail to pay [Appellant], when the same shall be due, the principal of, interest on, or other sums payable in connection with, any indebtedness or obligation, [Appellees and KMT] promise[ ] to pay such amount to [Appellant] forthwith. [Appellant] authorizes and empowers [an] attorney of any court of record within the United States of America, or elsewhere, to appear for the [Appellees and KMT] and, with or without complaint filed, confess judgment against [Appellees and KMT] in favor of

[Appellant], or its successors and assigns, for the unpaid balance or balances of any such indebtedness or obligation of [Appellees and KMT] to it, if not paid when due, whether by acceleration or otherwise, with costs of suit and attorney's commission of fifteen percent (15%) or $300, whichever is greater, for collection, with release of errors, without stay of execution or right of appeal, waiving all laws exempting real or personal property from execution, and no benefit of exemption will be calimed [sic] under and by virtue of any exemption law now in force or which may hereafter be passed.

Guaranty agreement, 3/29/94, at 1–2.

$80,160.81. The largest payment that KMT made to Appellant during this period was $25,000.00. In December 1999 or January 2000, the Helsels sold their combined two-thirds interest in KMT to Holland and his wife. On September 21, 2001, Appellant filed a complaint in confession of judgment against Appellees and KMT for failure to pay the amount owed. That same day, the prothonotary entered judgment against Appellees and KMT in the amount of $77,790.86.[2]

¶4 On October 2, 2001, Holland filed a petition to open and strike off the judgment. Appellant filed an answer to Holland's petition. On October 25, 2001, the Helsels filed a petition to strike off, which did not include a request to open the judgment. Thereafter, on November 28, 2001, the Helsels filed an amended petition to strike off and/or open confessed judgment. Appellant filed an answer to the Helsels' amended petition. On January 2, 2002, Holland filed a petition for rule to show cause why judgment should not be stricken and/or opened. Appellant filed an answer to Holland's January 2, 2002, petition for rule to show cause. The trial court opened the judgments against Appellees by order of May 30, 2002, and issued a memorandum in support of its order that same day.

¶5 A non-jury trial was held, and, on February 28, 2003, the trial court entered a verdict in favor of Appellees. Appellant filed post-trial motions, and they were denied by the trial court's order of October 2, 2003. The trial court's October 2, 2003 order also directed judgment to be entered in favor of Appellees.[3] Proper notice of the trial court's October 2, 2003 order directing the prothonotary to enter judgment in favor of Appellees was sent to Appellees. Appellant filed a timely appeal on November 3, 2003. The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) statement. The trial court filed a memorandum in support of its denial of Appellant's post-trial motions on October 2, 2003.

¶6 Initially, we must determine whether we have jurisdiction over the present appeal. The trial court ordered judgment to be entered in favor of Appellees by its October 2, 2003 order. However, the prothonotary failed to enter the judgment on the docket. We have recently addressed this issue in *Fanning v. Davne*, 795 A.2d 388 (Pa.Super.2002). In *Fanning*, a jury returned a verdict against Fanning, and Fanning then filed post-trial motions. The trial court denied Fanning's post-trial motions and ordered judgment to be entered in favor of Davne. Judgment, however, was not entered, and Fanning filed an appeal from the trial court's denial of Fanning's post-trial motions. In deciding to address Fanning's appeal, we recognized that:

> Generally, an appeal will only be permitted from a final order unless otherwise permitted by statute or rule of court. An appeal from an order denying post-trial motions is interlocutory. An appeal to this Court can only lie from judgments entered subsequent to the trial court's disposition of post-verdict motions, not from the order denying post-trial motions.

---

**2.** KMT did not move to open and/or strike the judgment, and the judgment entered against KMT was not an issue at trial. Therefore, despite the naming of KMT as an appellee in the caption, we will not address the judgment entered against KMT.

**3.** Despite the language of the trial court's order directing judgment to be entered in favor of Appellees, our review of the record reveals that judgment was not entered by the prothonotary on the docket in this case.

*Fanning*, 795 A.2d at 391. (internal citations and quotations omitted).

¶ 7 Nevertheless, we addressed Fanning's appeal in the interest of judicial economy because "there are some instances wherein a party has failed to enter judgment and our appellate courts may regard as done that which ought to have been done." *Fanning*, 795 A.2d at 391 (*quoting Johnston the Florist, Inc. v. TEDCO Constr. Corp.*, 441 Pa.Super. 281, 657 A.2d 511, 514–15 (1995)). Therefore, pursuant to our holding in *Fanning*, and the fact that the parties each received notice of the trial court's order for the prothonotary to enter judgment in favor of Appellees, we will consider Appellant's appeal as being properly before our Court.[4]

¶ 8 On appeal, Appellant presents three issues for our review:

1.  Did the [trial] court err in opening the judgment and then entering a verdict for [Appellee Holland] when no meritorious defense was proved?

2.  Did the [trial] court err in opening the judgment and then entering a verdict for [Appellees Helsels] when no meritorious defense was proved?

3.  Did the [trial] court err by raising, *sua sponte*, a defense, and then [deciding] the case on that defense?

Appellant's brief, at 4.

¶ 9 In issues one and two, Appellant argues that the trial court erred in opening the judgment by confession entered against Appellees. We agree.

■■■ ¶ 10 In reviewing a trial court's order on a petition to open a confessed judgment, we have the following standard of review:

A petition to open judgment is an appeal to the equitable powers of the court. As such, it is committed to the sound discretion of the hearing court and will not be disturbed absent a manifest abuse of discretion.

*PNC Bank v. Kerr*, 802 A.2d 634, 638 (Pa.Super.2002) (citation omitted). Furthermore, a court should open a confessed judgment if the petitioner promptly presents evidence on a petition to open which in a jury trial would require that the issues be submitted to the jury. *Germantown Sav. Bank v. Talacki*, 441 Pa.Super. 513, 657 A.2d 1285, 1288–89 (1995). A petitioner must offer clear, direct, precise and believable evidence of a meritorious defense, sufficient to raise a jury question. *Id.*, 657 A.2d at 1289. In determining whether sufficient evidence has been presented, we employ the same standard as in a directed verdict: we view all the evidence in the light most favorable to the petitioner and accept as true all evidence and proper inferences therefrom supporting the defense while we reject adverse allegations of the party obtaining the judgment. *Crum v. F.L. Shaffer Co.*, 693 A.2d 984, 986 (Pa.Super.1997) (citation omitted).

¶ 11 We address first the trial court's opening of the judgment entered against the Helsels. In the Helsels' November 28, 2001 amended petition to strike off and/or open confessed judgment, the Helsels claim that the judgment by confession should be opened or stricken because Appellant did not specify how a default occurred in its complaint.[5] Paragraphs 5

---

4.  As we have determined that Appellant appealed from the order entered on October 2, 2003, the final day of the thirty-day period within which Appellant could file a timely appeal was November 1, 2003. Since this date fell on a Saturday, we treat Monday, November 3, 2003, as the final day of the

thirty-day period. *See* Pa.R.Civ.P. 106(b). Therefore, Appellant's appeal was timely because it was filed on November 3, 2003.

5.  The trial court gave the Helsels tacit permission to file their amended petition to strike off and/or open confessed judgment by address-

and 6 of Appellant's complaint stated, as follows:

5. [provision (a) stricken] (b) The Defendant(s) defaulted in payment of this instrument as follows: (strike out one)

6. The amount due and payable on this instrument is as follows:

| | |
|---|---|
| Principal | $61,376.69 |
| Interest due to date | $ 7,207.67 |
| Attorneys Commission | $ 9,206.50 |
| Total | $77,790.86 |

Complaint, 9/21/01, at 1.

¶ 12 Pennsylvania Rule of Civil Procedure 2952(a)(6) requires a judgment by confession complaint to contain an averment of default.[6] This requirement may be contrasted with the requirement of Pa. R.C.P. 1019(b) that "[a]verments of fraud or mistake shall be averred with particularity." *Dameron v. Woods Restaurant, Inc.*, 305 Pa.Super. 346, 451 A.2d 681, 683 (1982). In *Dameron*, a lessor filed a complaint for a judgment by confession against a lessee. *Id.*, 451 A.2d at 683. The complaint contained an averment that the lessee had made alterations to the property contrary to the commercial lease, "all of which constitutes a default thereunder." *Id.*, 451 A.2d at 683. The lessee argued that default was not pleaded sufficiently in the complaint. *Id.*, 451 A.2d at 683. We rejected the lessee's argument and held that the averment of default was sufficient despite the fact that the complaint did not specify the extent of the default or when the default occurred. *Id.*, 451 A.2d at 684.

¶ 13 In the present case, the trial court acknowledged that Appellant's complaint contained an averment of default. However, it found that the averment was not pleaded sufficiently because the Appellant was required to aver how the default occurred. *See* Trial court memorandum, 5/30/02, at 11. As we have discussed, default need not be averred with particularity. Therefore, we find that Appellant's complaint met the default averment requirement pursuant to Pa.R.Civ.P. 2952(a)(6). Accordingly, the Helsels' claim that Appellant did not include an averment of default did not provide evidence of meritorious defense and was not sufficient to create a jury question.

¶ 14 The Helsels also claimed that they presented evidence sufficient to create a jury question because they signed the guaranty agreement as corporate officers of KMT, not individuals, and, therefore, should not be held liable as individuals on the guaranty agreement. We find that this argument does not provide a meritorious defense and was not sufficient to create a jury question.

¶ 15 The first paragraph of the guaranty agreement provided, as follows:

1. To induce [Appellant] (typed) offices in Somerset, PA. (typed) (hereinafter called Seller), to make, renew, extend or continue credit or to extend any other financial accommodation to [the Helsels and Holland and their respective ad-

---

ing the issues raised solely in the amended petition in the trial court's May 30, 2002 memorandum. *See* Trial court memorandum, 5/30/02, at 1.

**6.** Rule 2952(a)(6) provides, as follows:
(a) The complaint shall contain the following:

 * * * * * *

(6) if the judgment may be entered only after a default or the occurrence of a condition precedent, an averment of the default or of the occurrence of the condition precedent[.]
Pa.R.Civ.P. 2952(a)(6).

dresses] T/A [KMT] (hereinafter called "Buyer") the undersigned does hereby guarantee, and become surety for, the prompt and punctual payment at maturity, whether by acceleration or otherwise, of the principal of, interest on, and other sums payable in connection with, all indebtedness and obligations of Buyer to Seller whether as maker, drawer, endorser, guarantor, surety or otherwise whatsoever, due or to become due, direct or contingent, whether with any other person or persons or not, and whether now existing, or contemporaneously or hereafter arising or contracted.

Guaranty agreement, 3/29/94, at 1. The final page of the guaranty agreement was signed by the Helsels and Holland. There was no indication that either Holland or the Helsels were acting in their capacity as corporate officers of KMT when they affixed their signature to the guaranty agreement. Furthermore, there was no indication of the corporate office that the Helsels or Holland may have held.

¶ 16 The Helsels' contention that they signed the guaranty agreement as officers of KMT was not clear evidence of a meritorious defense to justify the trial court's opening of the judgment. The guaranty agreement is unambiguous in that the individuals who affixed their signatures agreed to become sureties to the KMT debt owed to Appellant. KMT is named in the first paragraph of the guaranty agreement for the sole purpose of identifying it as the buyer. However, another reference to KMT or an indication that the Helsels or Holland acted as corporate officers does not appear anywhere in the guaranty agreement. The guaranty agreement clearly states that the individuals who affixed their signature to the guaranty agreement agree to act as sureties to the KMT loan.

¶ 17 Furthermore, the purpose of a guaranty agreement is to provide a surety to the payment of a loan. *Commonwealth Nat. Bank v. Boetzelen*, 338 Pa.Super. 237, 487 A.2d 943, 945 (1985). It is illogical that Holland and the Helsels, acting as officers of KMT, agreed to act as sureties for KMT's own corporate debt because then, if we accept the Helsels' argument, KMT would act as its own guarantor. It is contrary to the purpose of a guaranty agreement for the corporation to act as a surety for itself. Therefore, the Helsels' contention that they signed the guaranty agreement as corporate officers of KMT did not present a meritorious defense that justified opening the judgment by confession. As such, the trial court abused its discretion in opening the judgment by confession.

¶ 18 We now turn to Appellant's claim that Holland did not provide a meritorious defense when he requested the trial court to strike or open the judgment by confession because Holland signed the guaranty agreement acting as a KMT officer. For the same reasons that we stated above, we find that Holland's claim was not sufficient to raise a meritorious defense where there was no indication that Holland signed as a corporate officer and where the purpose of the guaranty agreement is to provide a surety to the loan. Therefore, we agree with Appellant that the trial court erred in opening the judgment by confession entered against Holland.

¶ 19 Appellant presents two additional claims regarding the opening of the judgment by confession entered against Holland: that the trial court erred when it found Holland's claim that Holland executed the guaranty agreement as an individual was a result of mistake, accident, or fraud and Holland's claim that Appellant's complaint failed to contain an averment of default presented a meritorious defense.

These arguments were not raised in Holland's October 2, 2001 petition to strike off. Instead, these arguments were raised for the first time in Holland's petition for rule to show cause. Pennsylvania Rule of Civil Procedure 2959(a) states, in pertinent part that "all grounds for relief whether to strike off the judgment or to open it must be asserted in a single petition." Furthermore, Pa.R.Civ.P. 2959(c) states that "[a] party waives all defenses and objections which are not included in the petition or answer." A petition for rule to show cause is not a petition to strike off or open a judgment. Therefore, Holland's additional claims raised in his petition for rule to show cause that were not raised in his October 2, 2001 petition to strike off were waived. Thus, it was improper for the trial court to determine that these additional claims provided Holland with a meritorious defense. As we have found that Holland did not raise a meritorious defense in his petition to strike off, the trial court erred in opening the judgment by confession entered against Holland.

¶ 20 Appellant argues next that the trial court erred when it entered a verdict in favor of Holland and the Helsels following its opening of the judgment by confession. Based on our finding that the trial court erred in opening the judgment by confession, we find that the trial court erred when it entered the verdicts in favor of Holland and the Helsels. Therefore, we reverse the trial court's October 2, 2003 order which denied Appellant's post-trial motions and directed the entry of judgment in favor of Appellees.

¶ 21 Appellant's final claim is that the trial court erred by raising a defense *sua sponte* for Holland and the Helsels and then found in favor of Holland and the Helsels based on that defense. We find it unnecessary to address Appellant's argument as we have found that the trial court

erred by opening the judgment by confession entered against Holland and the Helsels.

¶ 22 As we have found that the trial court erred by opening the judgment by confession against Holland and the Helsels, we reverse the trial court's October 2, 2003 order and reinstate the judgment in favor of Appellant.

¶ 23 Order reversed. Judgment reinstated. Jurisdiction relinquished.