J-S05034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THOMAS A. STEWART, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SCOTT E. ROSEBERRY, D.D.S. | |
| Appellant | No. 168 MDA 2015 |

Appeal from the Order Entered December 31, 2014
in the Court of Common Pleas of Berks County
Civil Division at No.: 14-21441

BEFORE:  BENDER, P.J.E., SHOGAN, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED FEBRUARY 03, 2016**

Appellant, Scott E. Roseberry, D.D.S., appeals from the order denying his petition to vacate, strike, or open the confession of judgment filed against him by Appellee, Thomas A. Stewart.  Specifically, he challenges the court's denial of the petition to open.  We affirm.[1]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellee requests attorney fees in his response brief.  (**See** Appellee's Brief, at 8-9).  Although we conclude that Appellant's issue lacks merit, there is no evidence that his "appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious."  Pa.R.A.P. 2744.  Therefore, we deny Appellee's request.

We take the following factual and procedural background from the trial court's March 26, 2015 opinion and our independent review of the record. As aptly stated by the trial court:

> [Appellee] owns a medical office building where [Appellant] leased office space for a dental practice. According to the lease, the initial term was for eighteen months, commencing on January 1, 2012, and terminating on June 30, 2013. The lease automatically renews for successive terms of one year each, commencing on July 1, 2013. Either party has to give written notice of the intention to terminate the lease no later than 180 days prior to the expiration of the current term, unless [the lease is terminated] prior thereto pursuant to another lease provision. The present term of the lease commenced in [July] 2014 and expires in June 2015.
>
> [Appellant's] premises suffered accidental water damage [o]n June [23,] 2014. [Appellee] completed the repairs on July 7, 2014, within one month of the damage. . . .
>
> On July 22, 2014, [Appellee] received a letter from [Appellant] informing him of [his] intention to vacate and not return to occupancy. This letter states in pertinent part:
>
> > In December of 2013 I bought a property in Bernville where I am living now. My plan was to move the office to a barn on the property by 2015. However, the recent events have caused me to move up my plans due to all the insecurities that have surfaced in the past years.
>
> [On November 13, 2014, Appellee filed a complaint for confession of judgment] to recover rent from August 2014 through November 2014. The prothonotary entered judgment against [Appellant] for $12,072.33 which was comprised of $11,088.60 for rent, $408.76 for interest, and $574.87 for attorney fees.
>
> [Appellant] filed an answer to the complaint [on November 26, 2014]. The answer alleges that an opinion of a licensed architect who was to have been retained by [Appellee] had not given a professional opinion that the premises were fit for a

- 2 -

dental practice. [Appellee] did not contact an architect. Therefore, [Appellant] terminated the lease. [Appellant] relies on paragraph 15(a)(i) of the lease which reads in pertinent part as follows:

> If: (i) such damage or destruction renders the lease premises unfit for occupancy and the conduct of [Appellant's] dental practice therein **and** cannot be repaired within one hundred eighty (180) days of the date of such damage or destruction (in the opinion of a licensed architect retained by [Appellee]) . . . either party may terminate this lease by written notice to the other (specifying a termination date no later than thirty (30) days thereafter) . . .

[Further,] paragraph 15(b) [of the lease] states in pertinent part:

> If such damage or destruction does not affect [Appellant's] occupancy and the conduct of its business therein **or can be fully repaired within one hundred [eighty] (180) days of the date of such damage** or destruction, the parties shall rebuild and restore the leased premises . . .

[Appellant] also alleges that the term of the Lease was July 1, 2013 to July 1, 2014.

[On November 26, 2014, Appellant filed a] petition to vacate, strike or open the confessed judgment [that] raised the same issues as the [answer]. [On December 22, the trial court heard argument[2] on Appellant's petition.] Based on the foregoing evidence, [the trial] court denied [Appellant's] petition

---

[2] It is not clear whether the court conducted oral argument or a hearing. Although the docket reflects that, on December 2, 2014, the trial court scheduled a hearing on Appellant's petition, (**see** Docket Number 14-21441, at 1), Appellant represents that there was no stenographer present and that no testimony was taken. (**See** Appellant's Brief, at 4). Because this does not affect our disposition, we make note of it for the sake of completeness only.

to vacate, strike or open the confessed judgment [on December 31, 2014]. [Appellant] filed a timely appeal.

(Trial Court Opinion, 3/26/15, at 1-3) (unnecessary capitalization omitted; emphases added).

On February 5, 2015, the trial court ordered Appellant to file a Rule 1925(b) statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). On February 13, 2015, then *pro se* Appellant filed a proof of service of a Rule 1925(b) statement, but failed to file the statement itself. Instead, he forwarded the trial judge a copy of his Superior Court docketing statement as his intended Rule 1925(b) statement, but did not file the document. (**See** Application for Remand, 6/19/15, at unnumbered pages 1-2; **see also** Appellant's Clarification of Application for Remand, 7/24/15, at unnumbered page 2). The trial court filed its Rule 1925(a) opinion on March 26, 2015. **See** Pa.R.A.P. 1925(a).

On May 11, 2015, counsel entered his appearance on Appellant's behalf in this Court. On June 19, 2015, he filed an application for remand to enable Appellant to file a proper Rule 1925(b) statement. **See** Pa.R.A.P. 1925(c)(2). On July 29, 2015, this Court ordered Appellant to file the original Rule 1925(b) statement that he had forwarded to the trial court's chambers, directed that it was to be treated as filed with the proof of service on February 13, 2015, and denied his application for remand as moot. (**See**

*Per Curiam* Order, 7/29/15).  Appellant filed the Rule 1925(b) statement on August 5, 2015 per this Court's order.[3]

Appellant raises one issue for this Court's review:  "Did the [trial] court abuse its discretion or commit and [sic] error of law by denying Appellant's petition to open judgment where the Appellant pleaded a defense that was meritorious on its face by accepting as true allegations in the complaint?" (Appellant's Brief, at 3) (unnecessary capitalization omitted).

> In reviewing a trial court's order on a petition to open a confessed judgment, we have the following standard of review:
>
> > A petition to open judgment is an appeal to the equitable powers of the court.  As such, it is committed to the sound discretion of the hearing court and will not be disturbed absent a manifest abuse of discretion.

***Stahl Oil Co. v. Helsel***, 860 A.2d 508, 512 (Pa. Super. 2004), *appeal denied*, 885 A.2d 43 (Pa. 2005) (citations omitted).

Here, Appellant maintains that the trial court erred in declining to open the judgment because he has a meritorious defense that, because Appellee

---

[3] Appellant's Rule 1925(b) statement does not technically comply with Rule 1925(b)(4).  Specifically, it does not "set forth only those rulings or errors that [A]ppellant intends to challenge."  Pa.R.A.P. 1925(b)(4)(i); (**see** Rule 1925(b) Statement, at unnumbered pages 1-6).  It is not concise, but instead contains rambling legal citations that are not pertinent to the errors that Appellant claims in his statement.  **See** Pa.R.A.P. 1925(b)(4)(ii), (iv); (Rule 1925(b) Statement, at unnumbered pages 3-6).  However, because the trial court and this Court are able to interpret Appellant's issues on appeal from the "triable facts" section of his statement, we will not find waiver on this basis.  (Rule 1925(b) Statement, at unnumbered page 3) (emphasis omitted); (**see** Trial Ct. Op., at 3).

refused to restore the leased premises to be fit for Appellant's dental practice, he properly terminated the lease. (*See* Appellant's Brief, at 6, 10). Appellant further argues that his alleged meritorious defense was "proper" because "[i]f [he] is able to prove at trial that the property was unfit and that Appellee refused to restore [it], [he] would be entitled to relief under the terms of the [l]ease." (*Id.* at 10). However, Appellant misapprehends his burden in a petition to open a confessed judgment.

It is well-settled that "[a] judgment by confession will be opened if the petitioner acts promptly, alleges a meritorious defense, and presents sufficient evidence in support of the defense to require the submission of the issues to a jury." *Ferrick v. Bianchini*, 69 A.3d 642, 647 (Pa. Super. 2013) (citation omitted). Further:

> . . . [A] court should open a confessed judgment if the petitioner **promptly presents evidence** on a petition to open which in a jury trial would require that the issues be submitted to the jury. **A petitioner must offer clear, direct, precise and believable evidence** of a meritorious defense, sufficient to raise a jury question. **In determining whether sufficient evidence has been presented**, we employ the same standard as in a directed verdict: we view all the evidence in the light most favorable to the petitioner and accept as true all evidence and proper inferences therefrom supporting the defense while we reject adverse allegations of the party obtaining the judgment.

*Stahl Oil Co.*, *supra* at 512 (citations and quotation marks omitted) (emphases added).

In this case, our review of the record confirms the trial court's observation that Appellant did not offer **any** evidence in support of his

defense that the leased premises were "not fit for a dental practice," thus entitling him to terminate the lease. (Trial Ct. Op., at 4).[4] In fact, the only evidence Appellant provided was in support of his counterclaim for damages that reveals a decrease in his revenue, but neither connects that decrease to Appellee's alleged negligence nor shows that the premises were unfit for Appellant's use. (**See** Appellant's Answer to Complaint in Confession of Judgment, 11/26/14, at Exhibits D-H).[5]

Therefore, even when "view[ing] all the evidence in the light most favorable to [Appellant] and accept[ing] as true all evidence and proper inferences therefrom[,]" we conclude that the trial court properly found that Appellant failed to provide "clear, direct, precise and believable evidence[,]" in support of his alleged meritorious defense. **Stahl Oil Co.**, **supra** at 512 (citations omitted). Accordingly, the trial court did not manifestly abuse its discretion when it denied Appellant's petition to open the confessed

---

[4] Appellant promptly filed his petition to open less than two weeks after Appellee filed the complaint in confession of judgment. (**See** Docket Number 14-21441, at 1).

[5] Exhibits A through C included the complaint for confession of judgment, the July 22, 2014 letter from Appellant terminating the lease, and Appellee's September 11, 2014 notice of default. (**See** Appellant's Answer to Complaint in Confession of Judgment, 11/26/14, at Exhibits A-C).

judgment. ***See id.***[6] Therefore, Appellant's issue on appeal does not merit relief.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2016

---

[6] Moreover, we observe that Appellant relies on ***Provident Credit Corp. v. Young***, 446 A.2d 257 (Pa. Super. 1982), for the proposition that "[t]he requirement of a meritorious defense is only that a defense must be pleaded that if proved at trial would justify relief." (Appellant's Brief, at 9) (citing ***Provident Credit Corp.***, ***supra*** at 263). However, that case is distinguishable from the one at bar because ***Provident*** involved a **default judgment** that was entered against the defendant as a procedural mechanism where she had failed to respond to a complaint. ***See Provident Credit Corp.***, ***supra*** at 259. This is inapposite to the case herein, which involves a **confession of judgment** entered pursuant to a warrant of attorney.