J-S42020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| W&M HI ACRE STABLES, INC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ADDISON HI ACRE STABLES, LLC | |
| Appellant | No. 1392 WDA 2015 |

Appeal from the Order Entered August 26, 2015
In the Court of Common Pleas of Westmoreland County
Civil Division at No(s): No. 4158 of 2014

BEFORE:  SHOGAN, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                                    **FILED AUGUST 3, 2016**

Addison Hi Acre Stables, LLC[1] ("Addison") appeals from the order entered August 26, 2015, in the Westmoreland County Court of Common Pleas, denying its "Petition for a Rule to Show Cause Why the Court Should Open a Judgment Entered by Confession, Order a Hearing, Stay a Sheriff's Sale, and Stay All Proceedings" (Petition).[2]  Addison claims the trial court erred in upholding the confession of judgment in favor of W&M Hi Acre

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Addison Hi Acre Stables, LLC, is owned by Charles R. Addison and Tammy D. Addison.  **See** Petition, 11/19/2014, at ¶1.

[2] We note that despite the convoluted name, the Petition is essentially a petition to open. The trial court's order denying the petition is immediately appealable. **See** Pa.R.A.P. 311(a)(1).

Stables, Inc. ("W&M")[3], based upon its reasoning in a related action, Docket No. 1823 of 2014, because that action was adjudicated in the absence of an indispensable party. In addition, Addison asks this Court to remand to amend the Petition. For the reasons set forth below, we affirm the trial court's order.

This appeal arises from an Installment Note that was security for an Asset Purchase Agreement between Addison and W&M for $50,000.00. [4, 5] The Installment Note contains a clause providing for confession of judgment in the event of default. On August 25, 2014, W&M filed a complaint in confession of judgment against Addison in the amount of $52,500.00, which included $2,500.00 for attorney fees.

On October 24, 2014, the trial court was presented with Addison's Petition. *See* Order, 10/27/2014.[6, 7] Addison's Petition alleged a confession

---

[3] The President of W&M is Tamara L. Heckman. *See* W&M's Confession of Judgment, 8/25/2014 (Verification).

[4] The Installment Note is contained in the certified record. The Asset Purchase Agreement is not part of the certified record.

[5] *See* Installment Note, 5/1/2012 (W&M's Complaint Confession of Judgment, 8/25/2014, Exhibit A); W&M's Response to a Rule Issued on Plaintiff to Show Cause Why Defendant is Not Entitled to Relief Requested, 11/6/2014, at 2 (unnumbered); W&M's Answer to Petition for Rule to Show Cause and New Matter, 11/6/2014; Addison's Reply to Response to a Petition and Rule of the Plaintiff, 4/16/2015, at ¶5.

[6] Addison's Petition was time-stamped as filed November 19, 2014. However, the trial court's October 27, 2014 order indicates the court was presented with Addison's Petition on October 24, 2014.

of judgment in a separate Installment Land Contract, claimed the Installment Land Contract was formed based on fraud and mutual mistake, and referenced an action at Docket No. 1823 of 2014.[8]  On October 27, 2014, the trial court issued a rule upon W&M to show cause why Addison was not entitled to relief, set a hearing date for February 19, 2015, and ordered the Petition would be decided under Pa.R.C.P. 206.7 ("Procedure After Issuance of Rule to Show Cause").  On November 6, 2014, W&M filed a "Response to a Rule Issued on Plaintiff to Show Cause Why Defendant is Not Entitled to Relief Requested," and an "Answer to Petition for Rule to Show Cause and New Matter."  Subsequently, on January 9, 2015, the trial court granted Addison's attorneys' motion to withdraw from representation, granted Addison 30 days to obtain new counsel, and extended all deadlines to February 27, 2015.  On March 25, 2015, the trial court issued an order

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

[7] Addison presented its Petition to the trial court after the 30-day period set forth in Pa.R.C.P. 2959(a)(3). On September 10, 2014, Addison signed a return receipt card of service of confession of judgment and notice under Pa.R.C.P. 2958.1, but presented its Petition to the trial court beyond the 30-day deadline, on October 24, 2014.

   Addison's Petition averred that the Petition "was timely presented due to the court's assignment of four different Judges to this matter and because of the illness of [Addison's] counsel."  Addison's Petition, 1/19/2014, at 8, ¶32. The trial court addressed Addison's Petition on the merits, and did not make findings regarding timeliness.

[8] The Installment Land Contract is not part of the certified record. Addison's Petition states that the Installment Land Contract is attached as Exhibit A, but is not attached to the Petition.  **See** Addison's Petition, 11/19/2014, at ¶3.

directing, *inter alia*, that Addison's counsel enter his appearance on or before April 16, 2015, and that any party may file a brief or memorandum of law on or before April 16, 2015. Addison filed a Reply to W&M's Response on April 16, 2014.

On August 20, 2015, the trial court denied the Petition based on its reasoning in the related action at Docket No. 1823 of 2014.[9] The trial court explained:

> The present matter concerns a Confession of Judgment with regard to an Installment Note that was entered into between the parties on May 1, 2012. In a related case, at Docket No. 1823 of 2014, this Court, in its August 19, 2015 Order of Court, granted Judgment on the Pleadings in favor of [Defendants, Christopher F. Heckman, III and Tamara L. Heckman], ruling that an Installment Land Contract, entered into on the same day and under the same circumstances as the Installment Note, was the final and controlling document between the parties, and that [Charles R. Addison and Tammy D. Addison] could not prevail on a claim for fraud with regard to the execution of said Contract. As to the present matter, after a review of the pleadings, and with the Court finding that the present *Petition for Rule to Show Cause* involves similar issues to the related case at Docket No. 1823 of 2014, including the allegation of fraud, the Court finds that [Addison's] *Petition for a Rule to Show Cause Why the Court Should Open a Judgment Entered by Confession, Order a Hearing, Stay a Sheriff's Sale, and Stay All Proceedings* is hereby DENIED.
>
> The Court determined in the August 19, 2015 Order of Court at Docket No. 1823 of 2014 that the Installment Land Contract

---

[9] We note No. 1823 of 2014 involved the parties herein in their individual capacities, as well as Heckman's husband, Christopher F. Heckman, III, and was appealed to this Court at 1391 WDA 2015. The appeal was quashed on December 14, 2015 because counter-claims were still pending. **See Addison v. Heckman**, No. 1391 WDA 2015.

between the parties is the final, binding, and controlling document with regard to the subject property. Similarly, the Installment Note was entered into under the same circumstances, on the same day, and signed by the same parties, and the Court finds that therefore, it is the final and controlling document with regard to this matter for the same reasons as set forth in the August 19, 2015 Order of Court at Docket 1823 of 2014. Accordingly, this Court has determined that the reasoning and analysis set forth in said Order of Court is applicable to the legal and factual issues raised in the present matter.

Trial Court Order, 8/20/2015 at 2-3; Amended Order, 8/26/2015.[10] This appeal followed.[11]

Addison presents two issues for this Court's review:

Whether the order upholding the confession of judgment should be vacated, when the common pleas court relied on a related decision confirming the validity of an installment land sale in which it lacked subject matter jurisdiction due to the absence of an indispensable party?

Whether [Addison]'s motion to remand should be granted, when [Addison] wishes to amend the pleadings to aver material, relevant facts based on after-discovered evidence and raise meritorious defenses to the confession of judgment[?[12]]

_____

[10] The trial court did not attach its decision in the action at Docket No. 1823 of 2014 to its orders in this case.

[11] The trial court did not enter an order directing the filing of a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

[12] On February 2, 2016, Addison filed an "Application for Relief in the Nature of a Motion for Remand **or in the Alternative** a Motion for Enlargement for Time to File Appellants' Brief and Reproduced Record" in this Court. On February 3, 2016, this Court granted Addisons' request for an extension of time to file the brief and reproduced record. *See* Order, 2/3/2016.

Addison's Brief at 8.

At the outset, we state our standard of review:

We review the order denying [a]ppellant's petition to open the confessed judgment for an abuse of discretion.

Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.

The trial court may open a confessed judgment if the petitioner (1) acts promptly, (2) alleges a meritorious defense, and (3) can produce sufficient evidence to require submission of the case to a jury.

***Neducsin v. Caplan***, 121 A.3d 498, 506 (Pa. Super. 2015) (emphasis removed) (citations omitted).

Relevant to this appeal, the Pennsylvania Rules of Civil Procedure state in relevant part: "Relief from a judgment by confession shall be sought by petition. Except as provided in subparagraph (2), all grounds for relief whether to strike off the judgment or to open it must be asserted in a single petition." Pa.R.C.P. 2959(a)(1). "A party waives all defenses and objections which are not included in the petition or answer." Pa.R.C.P 2959(c).

The first issue raised herein relates to a third party, Charles Williams. ***See*** Addison's Brief at 20. Addison states that after new appellate counsel were hired in January of 2016, Williams was discovered to be an owner of the land subject to the separate Installment Land Contract. ***Id.*** at 13–14. Addison claims that because Williams has an ownership interest in the land,

the trial court issued its decision at Docket No. 1823 of 2014 without an indispensable party. *Id.* Addison relates the action at Docket No. 1823 of 2014 to the present case, stating:

> The [trial court] never considered the impact of Williams' absence on its jurisdiction or on the validity of the Installment Land Contract; nor did the [trial c]ourt consider whether the Installment Note served any purpose without a valid Installment Land Contract. Clearly, if the Installment Land Contract is unenforceable due to the absence of an indispensable party, the purposes of the Installment Note and Asset Purchase Agreement are frustrated. Simply put, [Addison] has no reason to purchase and pay for horses, horse equipment, and business materials, if [Charles and Tammy Addison] are unable to secure ownership of the land to support the horses. The contracts stand together or fall together.

*Id.* at 21.

Addison's argument is unavailing. The issue of Williams' interest in the land subject to the Installment Land Contract, since it was discovered only after this appeal was taken, was never litigated or decided by the trial court. Because Addison did not include any issue regarding Williams in its Petition, it may not appeal the trial court's denial of the Petition on that basis. *See* Pa.R.C.P 2959(c); *Stahl Oil Company, Inc. v. Helsel*, 860 A.2d 508, 515 (Pa. Super. 2004), *appeal denied*, 885 A.2d 43 (Pa. 2005) (arguments raised which are not included in petitioner's petition to strike/open are waived). Additionally, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

Moreover, Williams' ownership interest and Addison's claim that he is an indispensable party in the action at Docket No. 1823 of 2014 has no

bearing on the confession of judgment contained in the Installment Note at issue herein. Contrary to Addison's position, the fact that a separate Installment Land Contract was the reason Addison entered the Asset Purchase Agreement and Installment Note does not tie the contracts such that "the contracts stand or fall together." Addison's Brief at 21. Addison's motivation for entering into the Asset Purchase Agreement and Installment Note has no relevance. Accordingly, Addison's first claim warrants no relief.

Addison's second issue is a request that this Court remand the case with leave to amend in order to aver the newly discovered evidence involving, *inter alia*, Williams' ownership interest in the land subject to the Installment Land Contract. **See** Addison's Brief at 25–26. However, in light of this Court's order of February 3, 2016, this issue is moot.

In the present case, Addison fails to make any claim that the trial court erred in its decision to deny its Petition based on the facts and issues presented to the court in the Petition itself. Accordingly, we affirm the trial court's order denying Addison's Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/3/2016