J-S42021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TAMARA L. HECKMAN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES R. ADDISON AND TAMMY D. ADDISON, HIS WIFE | |
| Appellants | No. 1393 WDA 2015 |

Appeal from the Order August 26, 2015
In the Court of Common Pleas of Westmoreland County
Civil Division at No(s): 3753 of 2014

BEFORE: SHOGAN, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.: **FILED AUGUST 3, 2016**

Charles R. Addison and Tammy D. Addison, his wife ("the Addisons"), appeal from the order entered August 26, 2015, in the Westmoreland County Court of Common Pleas, denying their "Petition for a Rule to Show Cause Why the Court Should Open a Judgment Entered by Confession, Order a Hearing, Stay a Sheriff's Sale and Stay All Proceedings" (Petition).[1] The Addisons raise five issues that can be distilled to the following three claims: (1) the trial court erred in upholding the confession of judgment in ejectment in favor of Tamara L. Heckman based upon its reasoning in a

---

[*] Former Justice specially assigned to the Superior Court.

[1] We note that despite the convoluted name, the Petition was essentially a petition to open. The trial court's order denying the petition is immediately appealable. **See** Pa.R.A.P. 311(a)(1).

related action, Docket No. 1823 of 2014, because that action was adjudicated in the absence of an indispensable party; (2) the Installment Land Contract at issue is illegal under Act 6 of 1974, and (3) if this Court does not reverse the trial court's order, this Court should remand to amend the Petition. For the reasons set forth below, we affirm the trial court's order.

This appeal arises from an Installment Land Contract between the parties for $550,000.00, whereby Heckman conveyed to the Addisons approximately 51 acres of land, including a house, barn and other outbuildings. *See* Complaint for Confession of Judgment, 7/30/2014, Exhibits A (Installment Land Contract, 5/1/2012) and Exhibit B (property description (Exhibit A of Installment Land Contract)). The Installment Land Contract contains a confession of judgment clause allowing Heckman to eject the Addisons from the property in the event of default prior to the entire payment. *See id.*, Exhibit A (Installment Land Contract, 5/1/2012, at 6–7). On July 30, 2014, Heckman filed a complaint in confession of judgment in ejectment against the Addisons. Thereafter, on September 22, 2014, Heckman filed a writ of possession.

On October 24, 2014, the trial court was presented with the Addisons' Petition. *See* Order, 10/27/2014.[2, 3] The Petition alleged the Installment Land Contract was formed based on fraud and mutual mistake. On October 27, the trial court issued a rule upon Heckman to show cause why the Addisons were not entitled to relief, set a hearing date for February 19, 2015, and ordered the Petition would be decided under Pa.R.C.P. 206.7 ("Procedure After Issuance of Rule to Show Cause"). On November 6, 2014, Heckman filed a "Response to a Rule Issued on Plaintiff to Show Cause Why Defendant is Not Entitled to Relief Requested," and an "Answer to Petition for Rule to Show Cause and New Matter." Subsequently, on January 9, 2015, the trial court granted the Addison's attorneys' motion to withdraw from representation, granted the Addison's 30 days to obtain new counsel, and extended all deadlines to February 27, 2015. On March 25, 2015, the

_____

[2] The Addisons' Petition was time-stamped as filed November 19, 2014. However, the trial court's October 27, 2014 order indicates the court was presented with the Addisons' Petition on October 24, 2014.

[3] The Addisons presented their Petition to the trial court after the 30-day period set forth in Pa.R.C.P. 2959(a)(3). On August 18, 2014, the Addisons signed a return receipt card of service of the confession of judgment and notice under Pa.R.C.P. 2958.1, but presented their Petition to the trial court beyond the 30-day deadline, on October 24, 2014

The Addisons' Petition averred that the Petition "was timely presented due to the court's assignment of four different Judges to this matter and because of the illness of [Addison's] counsel." Addisons' Petition, 1/19/2014, at 8, ¶ 32. The trial court addressed the Addisons' Petition on the merits, and did not make findings regarding timeliness.

trial court issued an order directing, *inter alia*, that the Addisons' counsel enter his appearance on or before April 16, 2015, and that any party may file a brief or memorandum of law on or before April 16, 2015. The Addisons filed a Reply to Heckman's Response on April 16, 2015.

On August 20, 2015, the trial court denied the Petition based on its reasoning in a related action between the parties at Docket No. 1823 of 2014, instituted by the Addisons.[4] The trial court explained:

> The present matter concerns a Confession of Judgment with regard to an Installment Land Contract that was entered into between the parties on May 1, 2012. In a related case, at Docket No. 1823 of 2014, this Court, in its August 19, 2015 Order of Court, granted Judgment on the Pleadings in favor of [Defendants, Christopher F. Heckman, III, and Tamara L. Heckman], ruling that the same Installment Land Contract was the final and controlling document between the parties, and that [Plaintiffs, Charles R. Addison and Tammy D. Addison] could not prevail on a claim for fraud with regard to the execution of said Contract. As to the present matter, after a review of the pleadings, and with the Court finding that the present *Petition for Rule to Show Cause* involves similar issues to the related case at Docket No. 1823 of 2014, including the allegation of fraud, the Court finds that [Addisons'] *Petition for a Rule to Show Cause Why the Court Should Open a Judgment Entered by Confession, Order a Hearing, Stay a Sheriffs Sale and Stay All Proceedings* is hereby DENIED.
>
> The Court determined in the August 19, 2015 Order of Court at Docket No. 1823 of 2014 that the Installment Land Contract

---

[4] We note Docket No. 1823 of 2014 involved the parties herein and Heckman's husband, Christopher F. Heckman, III, as a defendant, and was appealed to this Court at 1391 WDA 2015. The appeal was quashed on December 14, 2015 because counter-claims were still pending. **See Addison v. Heckman**, No. 1391 WDA 2015.

between the parties is the final, binding, and controlling document with regard to the subject property. Accordingly, this Court has determined that the reasoning and analysis set forth in said Order of Court is applicable to the legal and factual issues raised in the present matter.

Trial Court Order, 8/20/2015 at 2-3; Amended Order, 8/26/2015.[5]    This

appeal followed.[6]

The Addisons present five issues for this Court's review:

1. Whether the order upholding the confession of judgment must be reversed, when the common pleas court relied on a decision in a related case confirming the validity of an installment land sale contract that was litigated in the absence of an owner of the property?

2. Whether the absent landowner of the property that was the subject of an installment land sale contract, Charles Williams, was an indispensable party?

3. Whether the common pleas court erred by upholding the confession of judgment, when it relied upon a decision in a related case where it did not have subject matter jurisdiction due to the absence of an indispensable party?

4. Whether the confession of judgment provision of the installment land contract is illegal under Act 6 of 1974, 41 P.S. § 407, when it involves land that contains the Addisons['] sole residence, and when the installment land contract purports to waive Act 6?

5. Whether, as an alternative to reversal, the Superior Court should grant the [Addisons'] application for relief in the nature of

---

[5] The trial court did not attach its decision in the action at Docket No. 1823 of 2014 to its orders in this case.

[6] The trial court did not enter an order directing the filing of a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

a motion to remand, in order to permit the amendment of the pleadings and the assertion of new defenses?[7]

The Addisons' Brief at 8-9.

At the outset, we state our standard of review:

We review the order denying [a]ppellant's petition to open the confessed judgment for an abuse of discretion.

Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.

The trial court may open a confessed judgment if the petitioner (1) acts promptly, (2) alleges a meritorious defense, and (3) can produce sufficient evidence to require submission of the case to a jury.

*Neducsin v. Caplan*, 121 A.3d 498, 506 (Pa. Super. 2015) (emphasis removed) (citations omitted).

Relevant to this appeal, the Pennsylvania Rules of Civil Procedure state in relevant part: "Relief from a judgment by confession shall be sought by petition. Except as provided in subparagraph (2), all grounds for relief whether to strike off the judgment or to open it must be asserted in a single

_____

[7] On February 2, 2016, the Addisons filed an "Application for Relief in the Nature of a Motion for Remand or in the Alternative a Motion for Enlargement for Time to File Appellants' Brief and Reproduced Record" in this Court. On February 3, 2016, this Court granted the Addisons' request for an extension of time to file the brief and reproduced record. *See* Order, 2/3/2016.

petition." Pa.R.C.P. 2959(a)(1). "A party waives all defenses and objections which are not included in the petition or answer." Pa.R.C.P. 2959(c).

The first three issues raised herein relate to a third party, Charles Williams. *See* Addisons' Brief at 8. The Addisons claim they discovered that Williams had an ownership interest in the land subject to the Installment Land Contract in January of 2016, after this appeal was filed. *Id.* at 14-15. The Addisons maintain that Williams is an indispensable party who was not involved in the action at Docket No. 1823 of 2014. *Id.* at 21-23. The Addisons argue the trial court, in adjudicating the action at Docket No, 1823 of 2014, "held, without the involvement of Charles Williams or knowledge of his existence, that the Installment Land Contract constituted the entire final, controlling agreement of the parties [and] never considered the impact of Williams' absence on its jurisdiction or on the validity of the Installment Land Contract." *Id.* at 22. The Addisons assert that, in the present case, the trial court erred "by upholding the confession of judgment, when the judgment was taken pursuant to an Installment Land Contract that purported to sell land to the Addisons[] without the involvement of an owner, who is an indispensable party." *Id.* at 24.

The Addisons' argument is unavailing. The issue of Williams' interest in the land subject to the Installment Land Contract, since it was discovered only after this appeal was taken, was never litigated or decided by the trial court. Because the Addisons did not include any issue regarding Williams in their Petition, they may not appeal the trial court's denial of the Petition on

that basis. *See* Pa.R.C.P 2959(c); ***Stahl Oil Company, Inc. v. Helsel***, 860 A.2d 508, 515 (Pa. Super. 2004), *appeal denied*, 885 A.2d 43 (Pa. 2005) (arguments raised which are not included in petition to strike/open are waived). Additionally, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Therefore, we are precluded from deciding Addisons' claims related to Williams.

In the Addisons' fourth issue, they claim the confession of judgment clause in the Installment Land Contract is illegal. *See* Addisons' Brief at 24-28. Specifically, the Addisons claim the contract involves "residential real property," and as such, the provisions of Act 6 of 1974, specifically, 41 P.S. §§ 407 and 408, "limit[] the use of confessions of judgment on residential property and proscribe[] waiver of the statute." ***Id.*** at 18; ***see also*** 28-30. The Addisons maintain, "although the Addisons did not raise this defense below, the issues of illegality of a contract and violation [of] public policy are not waived if a party failed to invoke them." ***Id.*** at 24 (citation omitted).

Here, however, the Addsions do not argue that the Installment Land Contract is illegal based on issues already presented to the trial court. Rather, the Addisons claim in this appeal that the real property in question is "residential." Heckman counters that the real property is "commercial." ***See*** Heckman's Brief at 16–17, 19. As this issue was not raised in the trial court, the trial court made no determination as to the nature of the property underlying the Installment Land Contract. Therefore, similar to the

Addisons' first three issues, the Addisons' fourth claim is unavailing. **_See_** Pa.R.C.P. 2959(c), Pa.R.A.P. 302(a).

Lastly, the Addisons ask this Court to remand this case with leave to amend the Petition to aver the newly discovered evidence involving, _inter alia_, Williams' ownership interest in the land subject to the Installment Land Contract. **_See_** Addison's Brief at 31–32. However, in light of this Court's order of February 3, 2016, this issue is moot.

In sum, in the present case, the Addisons fail to make a claim that the trial court erred in its decision to deny its Petition based on the facts and issues presented in the Petition itself. Accordingly, we affirm the trial court's order denying the Addisons' Petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/3/2016