J-A02031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SUSQUEHANNA BANK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| THORNBURY PROPERTY GROUP, LLC AND THOMAS J. CONWAY, IV | |
| APPEAL OF: THOMAS J. CONWAY, IV | |
| | No. 3537 EDA 2015 |

Appeal from the Order Entered October 19, 2015
in the Court of Common Pleas of Delaware County Civil Division
at No(s): 2015-006252

BEFORE: OTT, RANSOM, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED JUNE 07, 2017**

Appellant, Thomas J. Conway IV, appeals *pro se* from the order entered in the Delaware County Court of Common Pleas denying the petition to open confessed judgment.  We affirm.

On July 16, 2015, judgment was entered against Appellant.[1]  On August 14, 2015, Appellant filed a petition to open the judgment.[2]  On

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellee complied with Pa.R.C.P. 2955 which provides that "[t]he plaintiff shall file with the complaint a confession of judgment substantially in the form provided by Rule 2962."  Pa.R.C.P. 2955(a).  Rule 2962 provides the form for the confession of judgment where the action is commenced by complaint.  **See** Pa.R.C.P. 2962.

[2] The petition to open the confessed judgment was timely.  **See** Pa.R.C.P. 2959(a)(3).

October 19, 2015, following a hearing, the trial court denied the petition to open judgment. This timely appeal followed.[3] Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal and the trial court filed a responsive opinion.

Appellee made the following averments in the complaint which Appellant admitted in his answer to the complaint:[4]

> 4. On May 26, 2009, [Appellant] signed a Promissory Note in the original principal amount of Twenty Five Thousand Dollars ($25,000.00). [Appellant] entered into a Change in Terms Agreement dated May 25, 2011 making the following modifications to the loan: Borrower agreed to pay the then principal amount of $24,696.17 together with interest on the unpaid balance from May 26, 2011 using interest rate of 6.00% per annum until paid in full. Borrower to pay loan in 72 payments of $410.39 each commencing on June 26, 2011 and on the same day of each month thereafter with final payment due on May 26, 2017, which will be for all principal and accrued interest not yet paid.
>
> 5. By signing the Agreements, [Appellant] agreed to make repayment of monies loaned as referenced above.

Complaint in Support of Confession of Judgment, 7/16/15, at 2 (citation omitted). Appellant contends that "[t]he Loan is not in default. [Appellant] has . . . placed the payments into escrow during the dispute." "Appellant's Petition to Open Judgment Under Code Pa.R.C.P. 2959" at Ex. "A."

Appellant raises the following issues for our review:

---

[3] We note that Appellee did not file a brief.

[4] *See* "[Appellant's] Petition to Open Judgment Under Code Pa.R.C.P. 2959", 8/14/15, at Ex. "A."

1. When a contract is materially altered, should the personal guarantor of the original contract be made contractually aware and require endorsement?

2. Is a contract ambiguous when it specifically states the choice of venue (Philadelphia [C]ounty) for legal action and that action (Confession of Judgment) is initiated in a different county (Delaware [C]ounty) where no activity took place?

3. Would [Appellee] have been prejudiced had the court Granted [Appellant's] Petition to Open Judgment in order to allow limited discovery for the following:

Proof of application of payments by [Appellee] to determine principal balance

[Appellee's] failure to adhere to the cure provisions in the Change in Terms Agreement

[Appellee's] failure to provide proof of a Commercial Guarantee endorsement at the time the agreement changed on May 25, 2011

[Appellee's] breach of the contract's covenants

4. If a lender is in breach of its covenants, is it an appropriate legal measure for the borrower to place the demanded monthly payments into escrow and communicate as such until the breach has been cured or a court of law instructs borrower to release the funds?

Appellant's Brief at 1.[5]

---

[5] Appellant's Rule 1925(b) statement contains issues that are not raised on appeal. *See Gurley v. Janssen Pharm., Inc.*, 113 A.3d 283, 288 n.11 (Pa. Super. 2015) (stating issues raised in Rule 1925(b) and not addressed in the statement of questions or body of brief held abandoned on appeal).

Furthermore, Appellant's brief is violative of Pa.R.A.P. 2119, which provides as follows:

J-A02031-17

In the petition to open the confessed judgment, Appellant averred that

> [t]he Confession of Judgment (null and void) was premature and void. [Appellant], a Certified Public Accountant licensed and in good standing in the State of PA placed all payments into escrow and notified [Appellee] by certified mail, return receipt and communicated with their attorney, Robert L. Saldutti, Esquire the same. The attorney would not confirm knowledge of the payments made to escrow.

"[Appellant's] Petition to Open Judgment Under Code Pa.R.C.P. 2959" at 4.

Our review is governed by the following principles:

> The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. *Id.* Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*In re Ullman*, 995 A.2d 1207, 1211–12 (Pa. Super. 2010) (some citations omitted). We decline to quash based on the defects in Appellant's brief.

- 4 -

In reviewing a trial court's order on a petition to open a confessed judgment, we have the following standard of review:

A petition to open judgment is an appeal to the equitable powers of the court. As such, it is committed to the sound discretion of the hearing court and will not be disturbed absent a manifest abuse of discretion.

***PNC Bank v. Kerr***, 802 A.2d 634, 638 (Pa. Super. 2002) (citation omitted). Furthermore, a court should open a confessed judgment if the petitioner promptly presents evidence on a petition to open which in a jury trial would require that the issues be submitted to the jury. **A petitioner must offer clear, direct, precise and believable evidence of a meritorious defense, sufficient to raise a jury question**. In determining whether sufficient evidence has been presented, we employ the same standard as in a directed verdict: we view all the evidence in the light most favorable to the petitioner and accept as true all evidence and proper inferences therefrom supporting the defense while we reject adverse allegations of the party obtaining the judgment.

***Stahl Oil Co. v. Helsel***, 860 A.2d 508, 512 (Pa. Super. 2004) (some citations omitted and emphasis added). Appellant acknowledges that in order to have a petition to open a confessed judgment granted, he must allege a meritorious defense. Appellant's Brief at 3.

In the case *sub judice*, the trial court opined:

The Defendants/Petitioners, Thornbury Property Group, LLC and Thomas J. Conway, IV, have appealed from this [c]ourt's denial of their Petition to Open the Judgment Confessed against them by the Plaintiff, Susquehanna Bank . . ., for defaulting on commercial loan indebtedness for which the Defendant, Thomas J. Conway, IV, had pledged, as Guarantor, repayment in the event of a default by the Defendant Borrower, Thornbury Property Group

- 5 -

LLC, of which he is the sole member. Because the Defendants have admitted to owing the arrearages on that indebtedness and to a ready willingness to repay them . . . this Petition is deemed to be wholly lacking in merit.

\* \* \*

In order to prevail on their Petition to Open Confessed Judgment, the Defendants were required to respond promptly to the judgment confessed against them, about which no issue has been raised here below, to allege a meritorious defense, and to present sufficient evidence that would allow its submission to a jury. The evidence produced must be clear, direct, precise and credible. Nevertheless, since the Defendants have admitted liability for the confessed upon judgment and have taken issue only with the means employed by Plaintiff to collect it, they have submitted no defense to this action . . . .

Trial Ct. Op., 4/27/16, at 16. We agree no relief is due.

At the hearing for the petition to open the confession of judgment, Appellant appeared *pro se*. He testified, *inter alia*, as follows:

[Appellant]: I sent them a letter and said I will release the money immediately. I've took—I sent multiple letters that said I will release the money immediately. I sent it certified mail, return receipt.

\* \* \*

[Appellant] . . . I am happy to release the money at any time during this issue.

The Court: Why haven't you released it before today?

[Appellant]: Because Mr. Saldutti and I have not had a conversation prior to his filing the Confession of Judgment.

The Court: Have you picked up Alexander Graham Bell's invention and dialed it or . . . punched in the number to talk to him?

> [Appellant]: The Confession of Judgment is another adversarial act.
>
> The Court: Yes. They want their money.
>
> [Appellant]: Yes, and I want to give them their money.
>
> The Court: Well, why don't you give it to them then?
>
> [Appellant]: Because they—because I keep sending them letters and no one responds.

N.T., 10/19/15, at 19, 21-22.

Instantly, Appellant has not alleged a meritorious defense sufficient to raise a question for the jury. *See Stahl Oil Co.*, 860 A.2d at 512. We discern no abuse of discretion by the trial court in denying the petition to open the confessed judgment. *See id.* Accordingly, we affirm the order of the trial court.[6]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/2017

---

[6] Because Appellant has not shown he was entitled to open the judgment, we need not address the remaining arguments in his *pro se* brief.