J-S11038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GUY BRADLEY DUMAS | : | |
| | : | |
| Appellant | : | No. 671 WDA 2020 |

Appeal from the PCRA Order Entered April 28, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002884-2016

BEFORE: STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED: APRIL 30, 2021**

Appellant, Guy Bradley Dumas, appeals, *pro se*, from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

On November 2, 2016, Appellant entered a guilty plea to rape of a child, involuntary deviate sexual intercourse, aggravated indecent assault of a child, endangering the welfare of children, corruption of minors, and indecent assault of a person less than thirteen years of age.[2] Appellant filed a *pro se* motion to withdraw his guilty plea on November 16, 2016; however, Appellant orally withdrew the motion at his February 28, 2017 sentencing hearing. On

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 3121(c), 3123(b), 3125(b), 4304(a), 6301(a)(1)(ii), 3126(a)(7), respectively.

that same date, the trial court sentenced Appellant to an aggregate sentence of 38 to 76 years' imprisonment. The trial court also ordered Appellant to register for life and classified him, by stipulation of the parties, as a sexually violent predator ("SVP") pursuant to the Sex Offender Registration and Notification Act ("SORNA").[3] Appellant filed a motion for reconsideration, which the trial court denied.

Appellant then filed a timely appeal from his sentence. In this Court, Appellant's counsel filed a petition to withdraw as counsel and an *Anders* brief[4] asserting that counsel had identified no non-frivolous appellate issues. On January 12, 2018, we issued a memorandum decision concluding that counsel had complied with the procedural requirements for withdrawal and that the discretionary sentencing issue raised in the *Anders* brief was frivolous. *Commonwealth v. Dumas*, No. 516 WDA 2017, unpublished memorandum at 4-6 (Pa. Super. filed January 12, 2018). However, as part of our independent review of the record, we determined that Appellant's SVP designation was unconstitutional under existing case law. *Id.* at 6-8. We therefore denied counsel's petition to withdrawal, vacated Appellant's SVP designation and SORNA registration, remanded for the issuance of appropriate notice of Appellant's lifetime registration requirements, and affirmed the judgment of sentence in all other respects. *Id.* at 8.

_____

[3] 42 Pa.C.S. §§ 9799.10-9799.42. SORNA was amended and enlarged by legislative enactment subsequent to Appellant's convictions.

[4] *See Anders v. California*, 386 U.S. 738 (1967).

On March 5, 2018, the trial court held a remand hearing where it issued Appellant notice of his lifetime registration requirements. Appellant made no further filings in this case until July 8, 2019, when he filed the instant *pro se* PCRA petition. The PCRA court appointed counsel for Appellant, who subsequently filed a petition to withdraw and a no-merit letter on August 5, 2019. The PCRA court ordered counsel to reevaluate Appellant's claimed exceptions to the PCRA's one-year time bar, and on December 10, 2019, PCRA counsel filed a second no-merit letter in which he concluded that Appellant's claimed timeliness exceptions lacked merit.

On March 12, 2020, the PCRA court issued a notice of intent to dismiss the PCRA petition without a hearing pursuant to Rule of Criminal Procedure 907 and granted PCRA counsel's petition to withdraw. On April 2, 2020, the PCRA court issued a second notice of intent to dismiss after receiving correspondence from Appellant in which he asserted that he had not received the first notice. The PCRA court permitted Appellant an additional 20 days to respond to the notice. After receiving no response to its second notice, the PCRA court entered an order dismissing Appellant's PCRA petition on April 28, 2020.[5]

_____

[5] Pursuant to our Supreme Court's orders related to the COVID-19 statewide judicial emergency, the time computation for all legal filings required to be filed between March 19 and April 30, 2020 was suspended and these filings would be deemed timely if filed by May 1, 2020. **In re: General Statewide Judicial Emergency**, 229 A.3d 229, 230 (Pa. filed April 1, 2020) (*per curiam*). The suspension of deadlines was later extended through May 11,

Appellant filed his notice of appeal from the PCRA court's order on July 2, 2020, more than 30 days beyond the May 28, 2020 deadline for the filing of the appeal. *See* Pa.R.A.P. 903(a). Appellant enclosed a letter with his notice of appeal, in which he indicated that he had been prevented from filing a timely appeal due to the COVID-19 pandemic.[6] On August 10, 2020, this Court issued a rule to show cause, directing Appellant to explain why the instant appeal should not be quashed as untimely. Appellant filed a response stating that, in light of the COVID-19 pandemic, the State Correctional Institute ("SCI") at Houtzdale, where Appellant is housed, was placed under lockdown from March 31, 2020 until June 22, 2020, and he was prevented from drafting his notice of appeal because he did not have access to the library or law library during this period. Response to Rule to Show Cause, 8/24/20. Appellant averred that, after the lockdown ended, he immediately requested an appointment at the law library, which took 7 to 10 days to process, and once he had access to the law library, he promptly drafted and sent in his notice of appeal. *Id.* Upon receipt of Appellant's response, this Court entered

_____

2020. *In re: General Statewide Judicial Emergency*, 230 A.3d 1015, 1017 (Pa. filed April 28, 2020) (*per curiam*). Therefore, the PCRA court should have granted Appellant until May 11, 2020 to file his response to the Rule 907 notice. In light of our determination that the PCRA court correctly concluded that Appellant did not plead an exception to the PCRA's one-year time bar in his petition, however, Appellant suffered no prejudice from his inability to file a response to the Rule 907 notice.

[6] The PCRA court did not take action on Appellant's letter but instead ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed his concise statement on August 13, 2020, and the PCRA court issued an opinion on August 28, 2020.

an order discharging the rule but stating that the merits panel may revisit the issue of whether Appellant's notice of appeal was timely filed.

We treat Appellant's response to the rule to show cause as a request for *nunc pro tunc* relief to permit his late filing of his notice of appeal. **See Towey v. Lebow**, 980 A.2d 142, 144 (Pa. Super. 2009) (providing that both trial and appellate courts have jurisdiction to determine whether an appeal *nunc pro tunc* should be granted). We note that, while our Supreme Court declared a general, statewide judicial emergency relating to the COVID-19 pandemic, this expired on June 1, 2020 and the deadline for filing the notice of appeal was not affected by the Court's suspension of time calculation for court filings required to be filed between March 19 and May 8, 2020.[7]

"Even when a party has filed an untimely notice of appeal, however, appellate courts may grant a party equitable relief in the form of an appeal *nunc pro tunc* in certain extraordinary circumstances," including non-negligent circumstances related to the appellant or his counsel. **Criss v. Wise**, 781 A.2d 1156, 1159 (Pa. 2001). To file an appeal *nunc pro tunc* on these grounds, the appellant must show that (1) the appeal was filed late as a result of non-negligent circumstances relating to the appellant or his counsel, (2) the notice of appeal was filed shortly after the expiration date, and (3) the

---

[7] **See In re: General Statewide Judicial Emergency**, 234 A.3d 408 (Pa. filed May 27, 2020) (*per curiam*) (terminating general, statewide judicial emergency on June 1, 2020); **In re: General Statewide Judicial Emergency**, 230 A.3d at 1017.

appellee was not prejudiced by the delay. *Id.*; *see also Vietri ex rel. Vietri v. Delaware Valley High School*, 63 A.3d 1281, 1284 (Pa. Super. 2013).

Here, Appellant has asserted that he was prevented from filing his notice of appeal in a timely manner due to "unforeseeable and unavoidable events," namely the COVID-19 pandemic and the ensuing lockdown at SCI Houtzdale to prevent the spread of COVID-19 in the facility. *Criss*, 781 A.2d at 1160. Appellant's notice of appeal was dated June 29, 2020—seven days after the lockdown ended which is in accordance with his explanation that it took seven to ten days to get an appointment to the law library—and the notice was received by the trial court for filing on July 2, 2020, ten days after the lockdown ended. Finally, we note that the Commonwealth has not disputed the non-negligent circumstances related to Appellant's late filing of the notice of appeal nor has it alleged that it suffered any prejudice therefrom. Therefore, we conclude that Appellant was entitled to *nunc pro tunc* relief and proceed to a review of his appeal from the dismissal of his PCRA petition.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its decision is free of legal error. *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018). In Appellant's first issue, he argues that the PCRA court erred in dismissing his PCRA petition as untimely. The PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the underlying merits of a claim. *Commonwealth v. Laboy*, 230 A.3d 1134, 1137 (Pa. Super. 2020). The PCRA provides that "[a]ny petition under this

- 6 -

subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1).

A PCRA petition may be filed beyond the one-year time period only if the petitioner pleads and proves one of the following three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

***Id.***; ***Commonwealth v. Anderson***, 234 A.3d 735, 738 (Pa. Super. 2020). Any petition attempting to invoke these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Notably here, both the governmental interference exception of Section 9545(b)(1)(ii) and the newly discovered fact exception of Section 9545(b)(1)(ii) require that the petitioner show that he could not have discovered the basis of his claim earlier through the of exercise due diligence. ***Commonwealth v. Brensinger***, 218 A.3d 440, 448 (Pa. Super. 2019) (*en banc*); ***Commonwealth v. Bankhead***, 217 A.3d 1245, 1248 (Pa. Super. 2019).

The PCRA court concluded that Appellant's judgment of sentence became final on February 12, 2018, the last day upon which Appellant could

have petitioned the Supreme Court for allowance of appeal from our decision affirming his conviction on January 12, 2018. *See* PCRA Court Opinion, 8/28/20, at 4; Pa.R.A.P. 1113(a) (providing that, subject to exceptions not relevant here, a petition for allowance of appeal to the Pennsylvania Supreme Court must be filed within 30 days after the entry of the order of the intermediate appellate court).[8] The PCRA court determined that Appellant's July 8, 2019 petition was beyond the one-year period allowed under the PCRA and therefore was untimely unless he satisfied one the statutory timeliness exceptions. PCRA Court Opinion, 8/28/20, at 4.

While we agree with the PCRA court's ultimate conclusion that Appellant's petition was untimely, the court's analysis misconstrues the effect of our February 12, 2018 decision on Appellant's direct appeal. Our prior decision did not affirm Appellant's judgment of sentence *in toto*, but rather we vacated the portion of Appellant's sentence designating him as an SVP and requiring life-time registration, affirming the judgment "in all other respects." *Dumas*, No. 516 WDA 2017, unpublished memorandum at 8.[9] Therefore,

_____

[8] The thirtieth day after January 12, 2018 was Sunday, February 11, 2018, but the deadline for following a petition was extended until the following day by operation of law. 1 Pa.C.S. § 1908.

[9] Our holding in Appellant's direct appeal was based on ***Commonwealth v. Butler***, 173 A.3d 1212 (Pa. Super. 2017), ***rev'd***, 226 A.3d 972 (Pa. 2020), where we held that the SVP designation under SORNA constitutes criminal punishment and the portion of the SORNA statute that allowed for SVP determinations was constitutionally infirm. ***Id.*** at 1217-18; ***see also Commonwealth v. Muniz***, 164 A.3d 1189, 1218, 1223 (Pa. 2017) (opinion announcing judgment of the court) (holding that SORNA registration and

Appellant's judgment of sentence became final on April 4, 2018, the last day upon which he could have appealed from the trial court's March 5, 2018 notification to Appellant on remand that he was required to register for life under SORNA. Appellant's PCRA petition was not filed within one year of April 4, 2018 and therefore was untimely as measured from this date. 42 Pa.C.S. § 9545(b)(1).

Appellant invoked two of the timeliness exceptions in his PCRA petition. First, Appellant averred under Section 9545(b)(1)(i) of the PCRA that the government interfered with the presentation of his claim as follows:

> The Public Defender of Erie County and the Common Pleas Court impeded my right to mental health court. In fact, I was denied any psychiatric and/or psychology services[, a]s well as a mental health review [u]ntil I reach the state [correctional institution] where I was deemed seriously mentally ill.

PCRA Petition, 7/8/19, ¶5 (capitalization corrected). In addition, Appellant stated that his petition fell within the newly discovered fact exception of Section 9545(b)(1)(ii) based on his "right to have [his] case heard before a mental health court" as a result of his "serious mental illness diagnosis." *Id.* (capitalization corrected).

The PCRA court concluded that Appellant did not satisfactorily plead either the government interference or newly discovered fact exception to the PCRA time bar. With respect to the government interference exception, the

_____

reporting requirements are punitive in nature); ***Commonwealth v. Strafford***, 194 A.3d 168, 173 (Pa. Super. 2018) (providing that SORNA "authorized courts to include periods of registration as part of a sentence").

- 9 -

PCRA court noted that defense counsel is not considered a government official under the PCRA and therefore only his claims as to interference by the trial court would be cognizable under this timeliness exception. PCRA Court Opinion and Order, 8/28/20, at 4 n.3. In addition, the court found that Appellant did not explain the basis for his claimed right to a mental health review or psychological or psychiatric services, nor did he state how the trial court interfered with that right. *Id.* at 4. Relating to the newly discovered fact exception, the court determined that Appellant's petition did not identify when he discovered any new facts that were unknown to him or that he could not have identified such facts with the exercise of due diligence. *Id.* at 4-5.

We agree with the lower court's analysis. Appellant did not adequately plead any basis for his claimed rights to proceed in mental health court or for a mental health evaluation, how the trial court interfered with this right "in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States," or that he was previously prevented in bringing his claim despite his due diligence. 42 Pa.C.S. § 9545(b)(1)(i); *Bankhead*, 217 A.3d at 1248. In addition, as the PCRA court correctly stated, any claimed interference by Appellant's counsel would not qualify under Section 9545(b)(1)(i) as defense attorneys are not "government officials." 42 Pa.C.S. § 9545(b)(1)(i); *Commonwealth v. Pursell*, 749 A.2d 911, 916 (Pa. 2000). With respect to Appellant's claim of a newly discovered fact, Appellant does not allege any "fact" as contemplated by Section 9545(b)(1)(ii) but rather only his perceived "right" to have his case heard before a mental health court. *See*

*Commonwealth v. Watts*, 23 A.3d 980, 986-87 (Pa. 2011) (drawing distinction between laws, including court decisions and rules, which do not trigger the Section 9545(b)(1)(ii) exception, and facts or events).

Finally, while Appellant claims on appeal that his appointed PCRA counsel did not "offer any meaningful review" of his claimed PCRA exceptions, Appellant's Brief at 7, this assertion is directly contradicted by PCRA counsel's representations in his no-merit letters that, following his review of the record and Appellant's *pro se* petition, he determined that there was no basis to assert any of the statutory timeliness exceptions. No-Merit Letter, 8/5/19; Supplemental No-Merit Letter, 12/9/19. Accordingly, we conclude that the PCRA court correctly dismissed Appellant's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/30/2021